UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23799-RAR

**THE SMILEY COMPANY SPRL**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

    Defendants.
_____/

**SEALED ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

**THIS MATTER** comes before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion"), [ECF No. 6]. The Court having carefully considered the Motion, the record, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 6], is **GRANTED**.

**BACKGROUND**

On October 5, 2023, Plaintiff, The Smiley Company SPRL, filed a Complaint alleging Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified in Schedule "A" attached to the Complaint, are promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks and copyrighted works within the Southern District of Florida.

Plaintiff contends that Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. *See* Decl. of Javier Sobrado ("Sobrado Decl."),

[ECF No. 6-2] ¶¶ 8, 15.  Plaintiff claims to have reasonable cause to suspect Defendants are all residing and/or operating outside of the United States and/or redistribute products from outside of the United States.  *See id.* ¶ 17.  Plaintiff further contends that each Defendant utilizes e-mail as its principal means of contact, providing a reliable means of communicating with them.  *See id.* ¶ 15.

Plaintiff has also created a designated serving notice website located at https://www.dropbox.com/scl/fo/1ycie5ipsvg1ux7kbkjpq/h?rlkey=cb4uqlm0cp1klukxz5gc1uegs&dl=0, where copies of the Complaint and all other documents on file in this action will be displayed.  *See id.* ¶ 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants.  *See* FED. R. CIV. P. 4(f)(3); *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc. Ltd.*, No. 05-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.").

## ANALYSIS

Service by e-mail and via posting on a designated website is not prohibited under international agreement in this case, and the Hague Convention does not specifically preclude service of process via e-mail or by posting on a designated website.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an

objection to other forms of service, such as e-mail or website posting. *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail or internet communication does not violate an international agreement.

Further, e-mail and posting on a designated website are reasonably calculated to give notice to Defendants. Plaintiff cites a catalog of cases where courts have granted leave for a plaintiff to serve by e-mail or website posting. *See* Mot. at 7-8. Where, as here: (1) the defendants conducted their businesses over the Internet; (2) the defendants used e-mail regularly in their businesses; and (3) the plaintiff shows e-mail is likely to reach defendants, then e-mail service is constitutionally acceptable and reasonably calculated to apprise Defendants of the action. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002).

Plaintiff has shown good cause why leave should be granted to allow service of the summonses, the Complaint, and all filings and discovery in this matter on Defendants via e-mail or posting on Plaintiff's designated website. Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 6], is **GRANTED** as follows:

1. Plaintiff may serve the Summonses, Complaint, and all filings and discovery in this matter upon Defendants via e-mail by providing the address for Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by each Defendant (i) as part of the

data related to its domain name, including customer service e-mail addresses and onsite contact forms, or (ii) via the e-commerce marketplace website e-mail for each of the e-commerce stores, including private messaging applications and/or services; or

2. Plaintiff may serve the Summonses, Complaint, and all filings and discovery in this matter upon Defendants via website posting by posting a copy of the same on Plaintiff's designated serving notice website at:

https://www.dropbox.com/scl/fo/1ycie5ipsvg1ux7kbkjpq/h?rlkey=cb4uqlm0cp1klukxz5gc1uegs&dl=0.

**DONE AND ORDERED** in Miami, Florida, this 24th day of October, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**