**ANSWER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-23799-RAR

JUDGE: RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

THE SMILEY COMPANY SPRL,

Plaintiff

Vs.

EVOVEE
DEFENDANT NO. 25

Defendant



FILED BY _____ MC _____ D.C.

NOV 2 7 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

<u>**DEFENDANT'S ANSWER**</u>

I, Evelyn Reen Subagio, declare and state as follows:

i.       Evovee is the name of a store on Amazon and the Defendant number 25 identified on the Schedule A in this case.

ii.      I hereby certify that this is my marketplace selling page and it is just a tool to sell items.

iii.     I am a private individual and I am personally responsible for what I do, what I sell and any money I make using this account.

iv.      Due to limited finances, I will be representing myself pro se.

I declare that the information provided by me above, is true and correct.

Requests for detailed evidence from the Plaintiff's attorney on precisely what intellectual property rights were infringed have been unsatisfactorily met and it has been extremely difficult to get any sort of understanding of the complaint specific to Evovee. Schedule D, Part 2, Pages 49-50 of the Plaintiff's Complaint reflects the full evidence collected by the Plaintiff in relation to the Defendant. It is simply a collection of screen shots and does not evidence that any actual purchase of the Defendant's product was made by the Plaintiff. The IP address shown in the Plaintiff's evidence shows a location in Oklahoma, hence does not evidence the listing was viewed in Florida. It is requested that the Plaintiff provide specific details on what their claims in relation to the Defendant actually are.

The Plaintiff was repeatedly asked to provide the specific registration numbers of the intellectual property rights claimed to be infringed by the Defendant, however vague responses were provided referring back to the

1

extremely broad Complaint. The most detailed response received from the Plaintiff was "You have infringed at least Reg. No. 6,428,755." (referencing the word mark for SMILEY in the bath mat category). This is despite the fact that it is clear from the Plaintiff's own Evidence Collection Report that the word "smiley" was only used as a descriptive adjective and not a trademark (Exhibit 1) – it is in lowercase when part of sentence text and is in no way put forward as a trademark. Contrast this to the Plaintiff's own webpage, where it is obviously using Smiley as a trademark – it is always with a capital S, often has the registered trademark symbol, sometimes is completely capitalised and given prominence in explaining the source or branding of the product rather than merely being a description of what the product is.

The Defendant's own brand Evovee is displayed 11 times on the Defendant's product listing page, including twice specifically under the label "Brand", under the label "Manufacturer" and in the "Sold by" section (Exhibit 1). The Defendant's logo is prominently displayed on product packaging. Evidence collected from actual customers of Evovee (Exhibit 2) (who are the relevant audience) provide confirmation that there was no confusion as to the branding off the Defendant's product. Not a single person claimed to experience any confusion with the Defendant's product and the Plaintiff. Customers perceived the "smiley face" description/image as common and generic.

The Plaintiff holds no trademark for a design mark in the category of bath mats. Irrespective of this, the bath mat design of the Defendant was independently drawn by the Defendant to have big eyes and a perfect semi-circle smile with horizontal ends – hence it does not look like the Plaintiff's logo which has tiny eyes, a pointier smile with slanted ends. Furthermore the Defendant's smiling face is merely a bath mat design and was not put forward as a trademark or brand.

The reluctance and vagueness of the Plaintiff's response to requests for specifics on the intellectual property rights infringed by the Defendant are indicative of the lawsuit being the result of a search of the word "smiley" and the aggregation of hundreds of sellers into one lawsuit without any analysis being done on if there were actually any intellectual property rights infringed or a valid claim to be made.

Upon information and belief, the Plaintiff relies on the distress and disruption caused to the Defendant by the freezing of funds/restriction on selling account in order to solicit money to settle, ignoring any reasonable arguments made by the Defendant or evidence that no intellectual property rights have been infringed. This behaviour is anti-competitive and an abuse of the legal system.

Plaintiff has also included the Defendant in a case based on conclusory allegations of connectivity. Plaintiff alleges that "one or more" trademarks and or copyrights are allegedly being infringed by various defendants without any clear statement as to which defendant infringes on which mark(s). Even with the evidence provided it

is unclear on specifics. Evovee is not linked in any way to any of the defendants listed in the Schedule A and therefore this method of lawsuit is completely undermining the court's judicial economy. Being on a marketplace should not be a reason to link defendants, nor should using a word from the dictionary.

Based on these points, the Defendant requests to be dismissed with prejudice.

The Defendant provides the below answers to the court in response to the claims set out in the Complaint.

## NATURE OF THE ACTION

1.  Complaint is denied. Defendant denies the allegations presented in Paragraph 1 of the Complaint. The Defendant asserts that it is not involved in promoting, selling, reproducing, offering for sale, or distributing goods using counterfeits or confusingly similar imitations of Smiley's trademarks and copyrighted works.

2.  Complaint is denied. Defendant denies the allegations made in Paragraph 2 of the Complaint. The Defendant asserts that it is not engaged in any ongoing, daily, or sustained violations of Plaintiff's trademark rights and copyrights. The Defendant further denies reproducing, counterfeiting, or infringing upon Plaintiff's trademarks and copyrights with the intention of confusing the consuming public or earning substantial profits. Defendant disputes any assertion that its actions contribute to the erosion of Plaintiff's goodwill or destruction.

3.  Complaint is denied. Defendant denies the allegations made in Paragraph 3 of the Complaint. Defendant asserts that it has not engaged in any conduct that has contributed to the harm alleged by Plaintiff. Defendant further denies any involvement in counterfeiting or actions that have necessitated Plaintiff's expenditure of resources for trademark and copyright.

## JURISDICTION AND VENUE

4.  Complaint is denied. Defendant denies the allegations made in Paragraph 4 of the Complaint.

5.  Complaint is denied. Defendant denies the allegations made in Paragraph 5 of the Complaint.

6.  Complaint is denied. Defendant denies the allegations made in Paragraph 6 of the Complaint.

7.  Complaint is denied. Defendant denies the allegations made in Paragraph 7 of the Complaint. The Defendant has not infringed the Plaintiff's trademarks and copyrights and is not purposefully availing itself of the United States to perpetuate unlawful activity.

8.  Complaint is denied. Defendant denies the allegations made in Paragraph 8 of the Complaint. The Defendant is non engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.

**THE PLAINTIFF**

9.  Defendant is without knowledge as to Paragraph 9 of the Complaint.

10. Defendant is without knowledge as to Paragraph 10 of the Complaint.

11. Defendant is without knowledge as to Paragraph 11 of the Complaint.

12. Defendant is without knowledge as to Paragraph 12 of the Complaint.

13. Defendant is without knowledge as to Paragraph 13 of the Complaint.

14. Defendant is without knowledge as to Paragraph 14 of the Complaint.

15. Defendant is without knowledge as to Paragraph 15 of the Complaint.

16. Defendant is without knowledge as to Paragraph 16 of the Complaint.

**THE DEFENDANTS**

17. Complaint is denied. Defendant denies the allegations made in Paragraph 17 of the Complaint. The Defendant is not of "unknown makeup". Requirements of the Amazon platform mean that details of the seller are clearly accessible to customers. Extract below from the Amazon website at https://www.amazon.com/sp?ie=UTF8&seller=AR2WURN2VSRSX&asin=B09JCJSGCB&ref_=dp_merchant_link&isAmazonFulfilled=1

# Detailed Seller Information

**Business Name:** Evelyn Reen Subagio
**Business Address:**
    11 Evan Street
    Gladesville
    New South Wales
    2111
    AU

18. Complaint is denied. Defendant denies the allegations made in Paragraph 18 of the Complaint. The Defendant denies any sale of products under counterfeits and infringements of Plaintiff's trademarks and copyrights.

19. Complaint is denied. Defendant denies the allegations made in Paragraph 19 of the Complaint. The Defendant denies advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks and copyrights to consumers within the United States and this District.

20. Complaint is denied. Defendant denies the allegations made in Paragraph 20 of the Complaint. The Defendant denies any fraudulent conduct.

21. Complaint is denied. Defendant denies the allegations made in Paragraph 21 of the Complaint. The Defendant has not registered Seller IDs for the sole purpose of engaging in illegal counterfeiting activities. The Defendant has developed a well loved business with over 50 uniquely developed products and thousands of reviews. It is the main source of the Defendant's way of earning a living.

22. Complaint is denied. Defendant denies the allegations made in Paragraph 22 of the Complaint. The Defendant has maintained and will continue to maintain the same seller identification. The Defendant never has and never will sell and offer for sale goods infringing Plaintiff's products, bearing counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks, and unauthorized reproductions or derivative works.

23. Complaint is denied. Defendant denies the allegations made in Paragraph 23 of the Complaint. The Defendant has not infringed on any of the intellectual property rights of Plaintiff. The descriptive fair use principle applies.

24. Complaint is denied. Defendant denies the allegations made in Paragraph 24 of the Complaint. The Defendant denies use of any of the intellectual property rights of the Plaintiff.

25. Defendant is without knowledge as to Paragraph 25 of the Complaint. The Defendant swears under oath (and would happily take a lie detector test) that the Defendant had never heard of the Plaintiff or its intellectual property rights until this lawsuit.

26. Defendant is without knowledge as to Paragraph 26 of the Complaint.

27. Defendant is without knowledge as to Paragraph 27 of the Complaint.

28. Defendant is without knowledge as to Paragraph 28 of the Complaint.

29. Defendant is without knowledge as to Paragraph 29 of the Complaint.

30. Complaint is denied. Defendant denies the allegations made in Paragraph 30 of the Complaint. The common and generic nature of a smiley face mean that the consuming public do not associate images or descriptions of smiley faces with any particular brand.

31. Defendant is without knowledge as to Paragraph 31 of the Complaint.

32. Defendant is without knowledge as to Paragraph 32 of the Complaint.

33. Complaint is denied. Defendant denies the allegations made in Paragraph 33 of the Complaint. The Defendant denies there was any infringement by the Defendant.

34. Defendant is without knowledge as to Paragraph 34 of the Complaint.

35. Defendant is without knowledge as to Paragraph 35 of the Complaint.

36. Complaint is denied. Defendant denies the allegations made in Paragraph 36 of the Complaint.

It is clear from the Plaintiff's own Evidence Collection Report (Schedule D, Part 2, Pages 49-50 of the Plaintiff's Complaint) that the word "smiley" was only used as a descriptive adjective and not a trademark (Exhibit 1) – it is in lowercase when part of sentence text and is in no way put forward as a trademark. Contrast this to the plaintiff's own webpage, where it is obviously using Smiley as a trademark – it is always with a capital S, often has the registered trademark symbol, sometimes is completely capitalised and given prominence in explaining the source or branding of the product rather than merely being a description of what the product is.

In fact the Defendant's own brand Evovee is displayed 11 times on the product's listing page, including twice specifically under the label "Brand", under the label "Manufacturer" and in the "Sold by" section (Exhibit 1). The Defendant's logo is prominently displayed on product packaging (see image below).



Evidence collected from actual customers of Evovee (Exhibit 2) (who are the relevant audience) provide confirmation that there was no confusion as to the branding of the Defendant's product. Not a single person claimed to experience any confusion with the Defendant's product and the Plaintiff. Customers perceived the "smiley face" description/image as common and generic.

The Plaintiff holds no trademark for a design mark in the category of bath mats. Irrespective of this, the bath mat design of the Defendant was independently drawn by the Defendant to have big eyes and a perfect semi-circle smile with horizontal ends – hence it does not look like the Plaintiff's logo which has tiny eyes, a pointier smile with slanted ends (comparison below). Furthermore, the Defendant's smiling face is merely a bath mat design and was not put forward as a trademark or brand – that customers perceive this to be so is evident in their responses in Exhibit 2. Customers view the image and words "smiley face" as common and generic.

 

37. Complaint is denied. Defendant denies the allegations made in Paragraph 37 of the Complaint. Evovee products are high quality (with 4.9 stars out of 5) and well loved. The Defendant denies that its goods are counterfeit and there is actual evidence from Evovee customers that the Defendant's branding was clear and no confusion or association arose with the Plaintiff. The Defendant denies any intention that its goods would be mistaken for or associated with the Plaintiff. Prior to this lawsuit, the Defendant solemnly swears under oath to have never even have heard of the Plaintiff and would happily undergo a lie detector test to confirm this.

38. Complaint is denied. Defendant denies the allegations made in Paragraph 38 of the Complaint. The Defendant denies using any of the Plaintiff's Smiley Marks and Copyrighted Works. The word "smiley" was only used in its dictionary meaning and in no way as a trademark. The Plaintiff has no design mark in the bath mat category – irrespective of this the Defendant's smile is clearly different and is part of the mat design and not put forward as branding. Copyright does not protect familiar symbols. The U.S. Copyright Office has specifically declared in *Circular 33 Works Not Protected by Copyright* that familiar symbols and designs, including simple emoticons are not protected by copyright.

39. Complaint is denied. Defendant denies the allegations made in Paragraph 39 of the Complaint. The Defendant denies any use of the Plaintiff's Smiley Marks and Copyrighted Works. The Defendant denies that it attempted to appear like any other brand or pass goods off as anything other than its own brand Evovee. The Defendant's brand is clearly displayed on its product packaging and mentioned no less than 11 times on the product listing page.

The Defendant denies any connection with the other Defendants listed in Schedule A of this lawsuit and has completely zero knowledge of them. Looking through the various and large evidence documents

provided by the Plaintiff as Schedule D to the Complaint, there is no information linking each defendant that would lead any reasonable person to think there was any affiliation between the listings, and thus the Defendants.

The Defendant denies any harm has been caused to the Plaintiff by the Defendant, since the Defendant did not infringe on any of the Plaintiff's intellectual property rights. In fact it is the Plaintiff who is engaging in anti-competitive behaviour by filing suit against sellers who clearly only use the word "smiley" as an adjective describing word, who have a smile different to the Plaintiff's and in any case are in a category in which the Plaintiff does not hold a design mark. The Plaintiff's own legal counsel has been publicly noted as acknowledging that the Plaintiff's application to register the smiley face image as a trademark was rejected on the grounds of its common widespread use (https://www.nytimes.com/2006/07/05/business/worldbusiness/05smiley.html).

40. Complaint is denied. Defendant denies the allegations made in Paragraph 40 of the Complaint. The Defendant has not engaged in any counterfeiting and infringing activities and has caused no harm.

41. Complaint is denied. Defendant denies the allegations made in Paragraph 41 of the Complaint. The Defendant solemnly swears under oath that it did not know about the existence of the Plaintiff or its Smiley Marks and Copyrighted Works prior to this lawsuit. The Defendant would be happy to undergo a lie detector test to confirm this.

42. Complaint is denied. Defendant denies the allegations made in Paragraph 42 of the Complaint. The Defendant did not use any of the Plaintiff's Smiley Marks and Copyrighted Works.

43. Complaint is denied. Defendant denies the allegations made in Paragraph 43 of the Complaint. The Defendant denies engaging in any illegal counterfeiting and infringing activities. It is the actions of the Plaintiff which are causing immense harm to innocent sellers who are in no way putting forward their goods as associated with the Plaintiff. The Plaintiff is also causing harm to the consuming public who are denied offers of a wide range of goods they love.

44. Complaint is denied. Defendant denies the allegations made in Paragraph 44 of the Complaint. Direct evidence from the Defendant's customers (Exhibit 2) highlights how much customers love Evovee products and that there was clearly no confusion between the Defendant's product and the Plaintiff. There is no confusion, deception and mistake in the minds of consumers that is caused by the Defendant. The Plaintiff has provided no evidence of this.

9

45. Complaint is denied. Defendant denies the allegations made in Paragraph 45 of the Complaint. The Defendant denies any counterfeiting or infringing activity.

46. Complaint is denied. Defendant denies the allegations made in Paragraph 46 of the Complaint.

47. Complaint is denied. Defendant denies the allegations made in Paragraph 47 of the Complaint. The Plaintiff does not deserve any remedy at law.

48. Complaint is denied. Defendant denies the allegations made in Paragraph 48 of the Complaint. The Plaintiff has suffered no injury or damages as the Defendant has not wrongfully use the Smiley Marks and Copyrighted Works. Actual evidence from the Defendant's customers confirm no confusion between the Defendant's product and the Plaintiff. However, the Defendant's product is highly regarded and has an amazing rating of 4.9 stars out of 5, hence it could only have a beneficial impact to be associated with it anyway.

49. Complaint is denied. Defendant denies the allegations made in Paragraph 49 of the Complaint. No harm has been sustained by the Plaintiff as the Defendant did not sell any Counterfeit Goods.

**COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT**

**PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

50. Defendant is without knowledge as to Paragraph 50 of the Complaint.

51. Complaint is denied. Defendant denies the allegations made in Paragraph 51 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in the above Paragraphs, in particular Paragraph 36. The Defendant's product listing does not bear any of Plaintiff's marks.

Section 33(b)(4) of the Lanham Act sets out the statutory defense of descriptive fair use, which permits any "use… of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin…".

It is evident from the Plaintiff's own Evidence Collection Report that the term "smiley" has only been used by the Defendant in a descriptive manner in the dictionary sense of the word and not as a trademark. The adjective noun "smiley face" describes the design on the bath mat and is not a representation as to the brand of the product.

The fact that "smiley" is merely used as a descriptive term is evidenced by the Defendant using the term "smiley" in lower case when part of sentence text. Where "Smiley" is capitalised this is only because it is part of a title where every first letter of words in the title is capitalised. This can be compared to the plaintiff's own website, where obviously the term "Smiley" is being used as a trademark – it always has a capital "S", often has the registered trademark symbol, sometimes is completely capitalised and is placed in prominent positions to indicate it is the brand.

The listing page details for the Defendant's product spells out definitively the Defendant's own brand (Evovee) 11 times, including twice specifically under the title "Brand", under the title "Manufacturer" and at the "Sold by" section. The packaging of the Defendant's bath mat prominently displays the defendant's logo showing the brand is Evovee. There is no mention of smiley on the packaging.

52. Complaint is denied. Defendant denies the allegations made in Paragraph 52 of the Complaint. The Defendant is not using any of the Smiley Marks.

53. Complaint is denied. Defendant denies the allegations made in Paragraph 53 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 36. There is no possible confusion likely to be caused among the general purchasing public. The plaintiff has not provided evidence of how any potential confusion would arise from the item. The word "smiley" was only used as an adjective. The Plaintiff holds no design mark in the bath mat category, however irrespective of this, the smile face of the Defendant is not the same as the Plaintiff's. Actual evidence collected from the Defendant's customers provide clear proof that no confusion arose as to the origin or quality of the Defendant's goods. There was no confusion between the Defendant's goods and the Plaintiff.

54. Complaint is denied. Defendant denies the allegations made in Paragraph 54 of the Complaint. No harm has been caused to the Plaintiff as the Defendant did not infringe on its intellectual property rights.

55. Complaint is denied. Defendant denies the allegations made in Paragraph 55 of the Complaint. The Defendant did not engage in counterfeiting or infringement of the Smiley Marks.

56. Complaint is denied. Defendant denies the allegations made in Paragraph 56 of the Complaint. No harm has been caused to the Plaintiff as the Defendant did not infringe on its intellectual property rights. No wrongful profits have been made.

## COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE

## LANHAM ACT (15 U.S.C. § 1125(A))

57. Defendant is without knowledge as to Paragraph 57 of the Complaint.

58. Complaint is denied. Defendant denies the allegations made in Paragraph 58 of the Complaint.

59. Complaint is denied. Defendant denies the allegations made in Paragraph 59 of the Complaint. The
Defendant hereby adopts and re-alleges the allegations set forth in Paragraphs 36-48. The Defendant
did not sell any products bearing the Smiley Marks. The word "smiley" was only used as an adjective
and this is evident from the Plaintiff's own Evidence Collection Reports where "smiley" is in lowercase
when part of sentence text. The word "smiley" was not used to indicate origin -- "smiley face" was merely
the exact words required to describe what the product's design looked like. Contrast this to the plaintiff's
own webpage, where it is obviously using Smiley as a trademark -- it is always with a capital S, often
has the registered trademark symbol, sometimes is completely capitalised and given prominence in
explaining the source or branding of the product rather than merely being a description of what the
product is. The efforts that the Plaintiff goes to highlight that "Smiley" is being used as a brand reflect the
fact that an ordinary person would presume "smiley" was merely a describing word (adjective or noun)
when seen in the context of a product that has a smile on it and would not think it was an indication of
origin.

The Defendant's product is strongly branded with its own brand Evovee -- in fact the Defendant's own
brand Evovee is displayed 11 times on the product's listing page, including twice specifically under the
label "Brand", under the label "Manufacturer" and in the "Sold by" section. The Defendant's logo is
prominently displayed on product packaging. Evidence collected from actual customers of Evovee
(Exhibit 2) (who are the relevant audience) provide confirmation that there was no confusion as to the
branding off the Defendant's product. Not a single person claimed to experience any confusion with the
Defendant's product and the Plaintiff. Customers perceived the "smiley face" description/image as
common and generic.

The hot pink smiling bath mat that the Defendant designed is unique and there is nothing else like it that
exists. The Defendant denies the Plaintiff's claim that it is identical in appearance to the Plaintiff's
genuine goods as the Defendant has not found any similar product from the Plaintiff. The Plaintiff has no
hot pink smiling bath mat. The Defendant independently drew the smile design on its mat, hence it does
not look the same as the Plaintiff's smile. Additionally, the Plaintiff has no design mark in the bath mat

category. Copyright does not protect familiar symbols. The U.S. Copyright Office has specifically declared in *Circular 33 Works Not Protected by Copyright* that familiar symbols and designs, including simple emoticons are not protected by copyright.

The Plaintiff cannot comment on any level of quality based on a screen shot. It is noted that the Defendant's product is highly regarded and has an amazing rating of 4.9 stars out of 5, hence it could only have a beneficial impact to be associated with it.

60. Complaint is denied. Defendant denies the allegations made in Paragraph 60 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 36. The Defendant's product is strongly branded with its own brand Evovee – Evovee is specified no less than 11 times on the product listing page and clearly displayed on the product packaging. Hence there is no confusion on the origins of the product and this is confirmed by actual evidence from Evovee customers (Exhibit 2).

61. Complaint is denied. Defendant denies the allegations made in Paragraph 61 of the Complaint. The Defendant has not used the Smiley Marks. No misrepresentations were made to the consuming public and this has been verified by actual evidence from the consuming public (Exhibit 2).

62. Complaint is denied. Defendant denies the allegations made in Paragraph 62 of the Complaint. The Defendant has not used the Smiley Marks.

63. Complaint is denied. Defendant denies the allegations made in Paragraph 63 of the Complaint.

64. Complaint is denied. Defendant denies the allegations made in Paragraph 64 of the Complaint. The Plaintiff has suffered no injury or damages as the Defendant has not wrongfully use the Smiley Marks and Copyrighted Works. Actual evidence from the Defendant's customers confirm no confusion between the Defendant's product and the Plaintiff. Regardless, the Defendant's product is highly regarded and has an amazing rating of 4.9 stars out of 5, hence it could only have a beneficial impact to be associated with it.

**COUNT III – COMMON LAW UNFAIR COMPETITION**

65. Defendant is without knowledge as to Paragraph 65 of the Complaint.

66. Complaint is denied. Defendant denies the allegations made in Paragraph 66 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in the Paragraphs above. The Defendant denies the use of any infringing marks.

67. Complaint is denied. Defendant denies the allegations made in Paragraph 67 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraphs above. The Defendant denies the use of any infringing marks.

68. Complaint is denied. Defendant denies the allegations made in Paragraph 68 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraphs 36-48.

The Defendant's product is strongly branded with its own brand Evovee – In fact the Defendant's brand Evovee is displayed 11 times on the product's listing page, including twice specifically under the label "Brand", under the label "Manufacturer" and in the "Sold by" section. The Defendant's logo is prominently displayed on product packaging. Evidence collected from actual customers of Evovee who purchased the product (Exhibit 2) (who are the relevant audience) provide confirmation that there was no confusion as to the branding of the Defendant's product. Not a single person claimed to experience any confusion with the Defendant's product and the Plaintiff. Customers perceived the "smiley face" description/image as common and generic. The general public would perceive "smiley face" to be an adjective noun in the absence of any factors indicating to the contrary. Contrast this to the plaintiff's own webpage, where it is obviously using Smiley as a trademark – it is always with a capital S, often has the registered trademark symbol, sometimes is completely capitalised and given prominence in explaining the source or branding of the product rather than merely being a description of what the product is. This highlights the fact that it is necessary to specifically indicate somehow that "smiley" is the brand, otherwise a member of the public, especially in the context where the product has a smiling face, will assume that smiley is just a descriptive word and not a brand.

69. Complaint is denied. Defendant denies the allegations made in Paragraph 69 of the Complaint. The Defendant denies any harm has been caused to the Plaintiff by the Defendant, since the Defendant did not infringe on any of the Plaintiff's intellectual property rights. In fact it is the Plaintiff who is engaging in anti-competitive behaviour by filing suit against sellers who clearly only use the word "smiley" as an adjective describing word, who have a smile different to the Plaintiff's and in any case are in a category in which the Plaintiff does not hold a design mark.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

70. Defendant is without knowledge as to Paragraph 70 of the Complaint.

71. Complaint is denied. Defendant denies the allegations made in Paragraph 71 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraphs 36-48. The Defendant denies any infringement has taken place by the Defendant.

The word "smiley" is in many dictionaries and has been in use since the 1840's. For example, the current online definition when typed in Google comes from Oxford languages, a world leading dictionary publisher. It defines smiley in 2 ways;

1.      as an adjective "smiling; cheerful." With an example of use "he drew a smiley face".

2.      as a noun "a symbol representing a smiling face that is used in written communication to indicate that the writer is pleased or joking"

Vendors, including Evovee, invoke this dictionary meaning frequently to describe their products that display a smiley face. Because the Plaintiff has trademark registrations for the dictionary word "smiley," it claims vendors are engaging in "counterfeiting" in those circumstances. The word "smiley" in this product is not to identify the source of the product. Instead, it is clearly using the term "smiley" for its dictionary meaning to describe the graphic displayed on the product. It is clear that the word "smiley" is only used as an adjective by the Defendant and not as a trademark from the fact that the term is in lower case when part of sentence text (Exhibit 1). "Smiley" is only capitalised when part of a title (where all first letters are capitalised) – however the lowercase "smiley" in sentence text clearly shows there was no intention to use "smiley" as a brand. This reference is not "counterfeiting" of the Plaintiff's mark.

72. Complaint is denied. Defendant denies the allegations made in Paragraph 72 of the Complaint. The Defendant has not used the Smiley Marks.

73. Complaint is denied. Defendant denies the allegations made in Paragraph 73 of the Complaint. Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 68.

74. Complaint is denied. Defendant denies the allegations made in Paragraph 74 of the Complaint. Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 69.

**COUNT V -- INFRINGEMENT OF COPYRIGHT**

75. Defendant is without knowledge as to Paragraph 70 of the Complaint.

76. Complaint is denied. Defendant denies the allegations made in Paragraph 76 of the Complaint. The Defendant did not distribute the Smiley Copyrighted Work. The Defendant's bath mat design involves a simple smile face that was independently drawn by the Defendant.



The U.S. Copyright Office has specifically declared in *Circular 33 Works Not Protected by Copyright* that familiar symbols and designs, including simple emoticons are not protected by copyright.

77. Complaint is denied. Defendant denies the allegations made in Paragraph 77 of the Complaint. No infringement under the Copyright Act occurred.

78. Complaint is denied. Defendant denies the allegations made in Paragraph 78 of the Complaint. The Defendants have not infringed Plaintiff's Copyrighted Work.

79. Complaint is denied. Defendant denies the allegations made in Paragraph 79 of the Complaint. No infringement under the Copyright Act occurred. The Defendant denies even knowing of the existence of the Plaintiff or its products prior to this lawsuit.

80. Complaint is denied. Defendant denies the allegations made in Paragraph 80 of the Complaint. No infringement under the Copyright Act occurred. The Defendant denies even knowing of the existence of the Plaintiff prior to this lawsuit.

81. Complaint is denied. Defendant denies the allegations made in Paragraph 81 of the Complaint. The Plaintiff is not entitled to any damages as no infringement of copyright occurred.

82. Complaint is denied. Defendant denies the allegations made in Paragraph 82 of the Complaint. Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 69.

83.  Complaint is denied. Defendant denies the allegations made in Paragraph 82 of the Complaint. Plaintiff is not entitled to injunctive relief as no threat exists.

## PRAYER FOR RELIEF

The Defendant requests that the court deny the Plaintiff's prayer for relief on the basis the claims that the Plaintiff has made are unfounded.

## AFFIRMATIVE DEFENCES

Defendants asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on the Plaintiff.

### AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Answering Defendant has only made sales of its own branded genuine products.

### AS AND FOR A SECOND AFFIRMATIVE DEFENCE: non-infringement

Answering Defendant has not infringed any applicable trademark under federal or state law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness

Without admitting any infringement, answering Defendant has not willfully infringed on any trademarks-in-suit.

### AS AND FOR A FORTH AFFIRMATIVE DEFENCE: Innocent infringement

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation

Plaintiff's claims against answering Defendant are barred because Plaintiff's damages, if any, were not caused by answering Defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against answering Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from answering Defendant's alleged actions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case**

Answering Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws

**AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights**

Answering Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

## FINAL REMARK FROM DEFENDANT EVOVEE

Please refer to the Declaration of Dean Eric Goldman (Associate Dean of Research, Professor of Law and Co-Director, High Tech Law Institute), Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

Professor Eric Goldman explained the abusive litigation practice known as IP "trolling".

The Defendant believes this lawsuit involves intellectual property "trolling" as defined by Professor Eric Goldman in his declaration on the above case.

Professor Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.

- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

This description perfectly fits the facts of the present lawsuit.

In a lawsuit the Plaintiff brought earlier this year (23-cv-22376), some of the defendants hired a highly respected attorney who worked on their case for a grand total of 1 hour and 45 minutes – he contacted the Plaintiff's attorney and approximately 700 Etsy sellers were dismissed from the case. A similar thing happened in case 23-cv-61233 with the Red Bubble sellers.

In another of the Plaintiff's cases (23-cv-22432) the defendants received notice of the case on 24 August and just 8 days later they got a Notice of Voluntary Dismissal.

This pattern and the ease at which the Plaintiff's cases are dismissed raises questions around whether there were ever valid claims to begin with and the appropriateness of who was included as defendants.

A review of the Evidence Collection Reports attached to the Plaintiff's Complaint shows that it is glaringly obvious that many of the products included are not violating the plaintiff's intellectual property and no reasonable person would be confused as to the source of the products.

The freezing of funds in the defendants' accounts and restriction on their selling accounts places them in a position where their whole livelihood is at jeopardy. The financial and mental distress this causes and the high cost of engaging a US attorney mean that many may feel forced into accepting a settlement offer from the Plaintiff, regardless of the validity of the Plaintiff's claims.

It is also noted that the dial in details to the phone hearing on 7 November 2023 to oppose the temporary restraining order did not work for a significant number of the defendants across multiple countries. The Defendant personally tried to call the number from 5 different phones to no avail. It is fundamental to due process and justice that a defendant be able to participate in proceedings against them.

The Plaintiff's request regarding restraint on the transfer of assets should be denied or in the alternative limited to the total net proceeds received in relation to the alleged infringing product. This amount already represents more than the actual profits made from the product as it doesn't take into account the cost of goods and advertising costs.

The consequences of freezing all a seller's income causes severe hardship and potential devastation including bankruptcy. It creates fatal cashflow issues as funds aren't available to pay bills as they fall due or even fund daily living. Freezing all funds goes beyond the intended purpose of the Temporary Restraining Order/Preliminary Injunction and is not necessary to secure the Plaintiff's just relief.

In light of the data in plaintiff's Evidence Collection Report indicating the vast majority of the products are not strong sellers and the fact that in some cases there are clear factors showing no intellectual property of the Plaintiff is even involved, it is requested that the restraint on transfer of assets be denied or in the alternative limited to the total net proceeds in relation to the alleged infringing product. This figure can easily be obtained by the selling platforms and enforced by them.

It is this figure that should be disclosed to the Plaintiff, not the total funds the Defendant has which are completely unrelated to the relief potentially due to the Plaintiff and which the Plaintiff may unjustly be tempted to hold as ransom over the Defendant.

In light of the previously discussed issues – the potential that the Plaintiff has filed suit against sellers that did not breach their intellectual property rights and the significant financial detriment that can arise from the freezing of funds, accounts being closed, lost revenue and dead inventory - it is requested that the Plaintiff be required to post a bond in the amount of $10,000.00 per defendant as payment of damages to which defendants may be entitled for a wrongful injunction or restraint.

The Plaintiff's present bond represents a mere $27.40 per defendant which is clearly insignificant relative to the potential damage a wrongful injunction or restraint can cause. There are defendants who have far in excess of $10,000 frozen in their account and some defendants have over 1000 other products selling under their account – the losses resulting from a restricted account could total tens of thousands of dollars over just a week. There is precedence in case 22-cv-5599 for a $10,000 bond per defendant. This was another Schedule A type of case where Blue Sphere, Inc. was a plaintiff.

I, Evelyn Reen Subagio, Defendant no 25, Evovee, hereby respectfully prays for an order to be entered:

1.      Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety

2.      Granting Evovee costs and expenses incurred defending this matter; and

3.      Granting Evovee all other appropriate relief.

Alternatively, if the court considers it unnecessary to dismiss Plaintiff's Complaint, the Defendant hereby

respectfully requests the court to withdraw the injunction order and/or enter a judgement.

I hereby certify that a copy hereof has been furnished by mail to Plaintiff's attorney this 16th day of November, 2023.

Javier Sobrado, Esq.
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami
FL
33131

DATE: 16 November 2023

Submitted by

Evelyn Reen Subagio
11 Evan Street
Gladesville
NSW
Australia
2111
eve.subagio@gmail.com
pro se litigant

.

# Exhibit 1

Refer to Schedule D, Part 2, Pages 49-50 of the Plaintiff's Complaint for the full evidence collected in the Evidence Collection Report.

Below are sections extracted from the Evidence Collection Report that highlight the prevalence of the Defendant's own branding Evovee (mentioned 11 times) and also show that "smiley" was only ever used as an adjective descriptive word ie it is in lower case when part of sentence text and is only capitalised when part of a title (that has all first letters in capital).



**Find the perfect Evovee bath mat for you!**



**Introducing our adorable Smiley Face Bath Mats - The perfect way to brighten any room!**

Evovee bath mats are made to the highest quality standards and tripled checked to ensure you get only the best! It's premium quality you can literally see and feel



**Evovee is a Brand you can Trust**

A creator of fun and joyful products  since inception Evovee has been a brand that customers can trust to be
high quality and delightful

## roduct information

| | |
|---|---|
| Brand | Evovee |
| Material | Polyester |
| Pile Height | Medium Pile |
| Back Material Type | Rubber |
| Color | Pink Smoky |
| Theme | Animals |
| Is Stain Resistant | No |
| Product Care Instructions | Machine Wash |
| Pattern | Letter Print |
| Shape | Round |
| Special Feature | Fluffy Non Slip Washable |
| Room Type | Bathroom |
| Product Dimensions | 25"L x 25"W |
| Rug Form Type | Bath Mat |
| Style | Modern |
| Number of Pieces | 1 |
| Item Weight | 1.04 pounds |
| Manufacturer | Evovee |
| ASIN | B09YN1V2FQ |
| Country of Origin | China |
| Item model number | SMRPNK |
| Customer Reviews | 4.9 ★★★★★    12 ratings |
| | 3.5 out of 5 stars |
| Date First Available | May 22, 2023 |

### Warranty & Support

**Product Warranty:** For warranty information about this product, please click here

### Feedback

Would you like to tell us about a lower price?

## Inspiration from this brand

**Evovee**
Visit the Store on Amazon    + Follow



Each monthly milestone is magical!



The perfect way to capture your thoughts!



A secret diary with heat lock and key!



The cutest butterfly milestone blanket will let you treasure each



Capture the magical journey of your baby's first year!



The perfect thoughts

# Exhibit 2

The first screenshot shows the text sent to customers of the Defendant's product. The following screenshots provide responses that highlight no confusion arose as to the branding of the Defendant's product or as to any association with the Plaintiff.  The relevant text has been extracted above the screenshot for ease of reading.



Oh no! A lawsuit against you is horrible. I had absolutely NO confusion on what brand it is or under any impression that this item was a replica from another company. I simply just wanted a smiley face rug and typed in Amazon search "rug with smiley face" definitely associated with it being common and generic. I actually purchased a yellow rug with a smiley face before from Amazon as well. Didn't even know there was an actual smiley face brand never heard of that . The packaging was the sellers brand. I didn't know such a common item can be duplicated. I wish you the best of luck in this process. I hope they unfreeze & release your money ASAP. This is ridiculous. Thank you for the Amazing rug BTW



I literally have never even heard of the smiley company. I search "Pink bath mat' for my classroom and it popped up. I think it's kind of insane to try to sue someone for a general smiley face that's literally everywhere. I hope You get the funds you deserve!



Truly all I saw was a cute pink smile face rug that would work perfect as an accent rug in my bedroom. I didn't even read the title/description closely of the product. I can saw when I saw the image nothing about it made me think of an emoji or any other branded item. It simply was a cute smile face rug and that's why I purchased it. I hope this gets straightened out for you because I was thinking of buying more!!



Hi Eve! Sorry to hear about the lawsuit. I personally the love the rug & was never confused about the brand. Smiley faces are every where! Including on my students's doodles - the rug is in a high school classroom! The rug has added life and color to our classroom, and for that, we are very thankful.



Hi there! When I saw this description on amazon all I saw was a smiley face. That is a very generic description as that is what I searched to begin with. I purchased other products that had a smiley face on them simply because there was a smiley face, nothing else. The listing and product made it clear it was an Evovee product and no other brand. I've never even heard of the Smiley Company. Hope this helps!



I loved this rug it fits perfectly in my home and is so cute! I see this rug as a generic smiley face. The package made it clear that product was an Evovee branded product and no other brand.



Hi there! I didn't think this rug was associated with The Smiley Company in any regard - I just thought it was a cute rug from your amazon shop with a smiley face on it. Frankly, I'm surprised The Smiley Company has a case at all. It's wild that they can sue you for putting a smiley face on something - That seems crazy and way too broad.





Angelica & Jim Naaf
446 Home Ave
Oak Park, IL 60302

? OF CORRESP

9589 0710 5270 1006 2534 97

CERTIFIED
MAIL

THE CLERK's OFFI
400 N Miami Ave
Miami, FL 33128

FILED BY _____ D.C.

NOV 27 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI