UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-23799-RAR

FILED BY _____ D.C.
NOV 28 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

The Smiley Company SPRL,

    Plaintiff,
    v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.
_____/

## DEFENDANT NO. 177

### EUROLOCOS ANSWER TO THE COMPLAINT

I, Mark Pearson, declare and state as follows:

1. **Eurolocos** is the name of a store on **Ebay** and the defendant number **177** identified on the schedule A in this case.

2. I hereby certify that this is my marketplace selling page and it is just a tool to sell items.

3. I am a private individual and I am personally responsible for what I do, what I sell and any money I make using this account.

4. Due to limited finances, I will be representing myself pro se.

I declare that the information provided by me above, is true and correct.

Upon requesting detailed evidence from the plaintiff's attorney, it has been extremely difficult to get any sort of understanding of the complaint specific to Eurolocos. The evidence received is simply a collection of screen shots. No actual purchase has been made by Plaintiff **(EXHIBIT 1 & 3).**

Due process typically requires that each online defendant intentionally direct their actions into the forum jurisdiction, and that "intent" standard requires defendant-specific fact. The complaint is very much a copy and paste of hundreds of other similar cases, where maybe a keyword has been searched and all results gathered in to one single complaint.

There is no evidence of any suit-related contacts between Eurolocos and anyone in Florida. See Rubik's Brand, 2021 WL 825668, at *3–4 (distinguishing Hemi where the defendant "display[ed] products online that are shippable to Illinois" but "made no sales to Illinois residents").

Eurolocos displayed the product online but there is no evidence it targeted persons in Florida, or that anyone in Florida ever viewed them. The IP addresses shown in the evidence show 185.230.112.42 which is an IP address located in Cyprus, not Florida and 2001:4450:491d:2d00:69bf:7906:a752:afb0 which is an IP address located in the Philippines, not Florida **(EXHIBIT** 2).

A plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website. See Rubik's case No. 20-cv-5338 where it was proven.

For the reasons explained above, this is insufficient to support personal jurisdiction. Plaintiff simply wants money to settle, despite my arguments.

Plaintiff has also included Eurolocos in a case based on conclusory allegations of connectivity. Plaintiff alleges that "one or more" trademarks and or copyrights are allegedly being infringed by various Defendants without any clear statement as to which Defendant infringes on which mark(s). Even with the evidence provided it is unclear on specifics. Eurolocos is not linked in any way to any of the defendants listed in the schedule A and therefore this method of lawsuit is totalling undermining the courts judicial economy. Essentially being on a marketplace should not be a reason

to link defendants, and using a word from the dictionary should also not be a reason to link defendants.

Based on these points Eurolocos requested Plaintiff to dismiss with Prejudice. The plaintiff just keeps asking for money denying the arguments.

Therefore, Eurolocos provides answers to the court as follows specific to the 5 counts detailed in the complaint:

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

### COUNT I – all allegations for paragraphs 50-56 are DENIED

- Eurolocos hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- The product listing does not bear any of Plaintiffs marks, either counterfeit or genuine.
- Eurolocos is not in direct competition with the plaintiff.
- There is no possible confusion likely to be caused among the general purchasing public. The plaintiff has not provided evidence of how any potential confusion would arise from the item. The trademark is different to a variety of different smiling expressions and demonstrates how different a smiley face can look.
- The plaintiff would not have had any monetary loss from this product. It is not their product and does not include any trademarks. There were zero sales in Florida and in the entire US, and the plaintiff has not provided any evidence to counter this.

## COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. §1125(A))

### COUNT II – all allegations for paragraphs 57-64 are DENIED

- Eurolocos hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- The product is not widely advertised throughout the US and is not counterfeit. It bears none of Plaintiffs Trademarks.
- There is no possible confusion because the product description does not imply the plaintiff as the origin and does not have any of the plaintiff's marks.
- The item has been removed from sale, so there is no chance of future confusion and harm despite it not infringing.
- The screenshot simply shows the website was accessible by the evidence gathers in Cyprus and the Philippines. There is no evidence the product was in any way targeted at or directed to the Florida market as a website can simply be accessed anywhere in the world no matter whether the products are available for purchase there or not **(EXHIBIT 2).**
- The item is not counterfeit. Plaintiff cannot comment on any level of quality based on a screen shot. Having checked sales records, there are no sales made to the US. The plaintiff did not complete a sale. **(EXHIBIT 3)**
- The product is not identical to Plaintiffs and Eurolocos has not found any similar product from the Plaintiff.

**COUNT III -- COMMON LAW UNFAIR COMPETITION**

**COUNT III – all allegations for paragraphs 65-69 are DENIED**

- Eurolocos hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- Eurolocos is not in competition and has never heard of Plaintiff until being brought into this case.

- There is no possible confusion likely. The listing specifics show the item clearly marked as "unbranded" so there is no chance of confusion with the plaintiffs brand **(EXHIBIT 1).**
- The plaintiff has not had any monetary loss from the product as it is not infringing and there have been no sales.
- There is no evidence of widely advertising in the United States. It simply shows the website was accessible by the evidence gathers. There is no evidence the product was in any way targeted at or directed to the Florida market.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

## COUNT IV – all allegations for paragraphs 70-74 are DENIED

- Eurolocos hereby adopts and re-alleges the non-count specific paragraphs detailed above .
- The product listing does not bear any counterfeit marks. It is not counterfeit.
- There is no trademark on the listing image or in the description.
- There is no possible confusion likely to be caused and the item is not counterfeit, is not the Plaintiffs product and does no bear any of Plaintiff's marks.

The word "smiley" is in many dictionaries and has been in use since the 1840's. For example, the current online definition when typed in Google comes from Oxford languages, a world leading dictionary publisher. It defines smiley in 2 ways;

1. as an adjective "smiling; cheerful." With an example of use "he drew a smiley face".
2. as a noun "a symbol representing a smiling face that is used in written communication to indicate that the writer is pleased or joking"

Vendors, including Eurolocos, invoke this dictionary meaning frequently to describe their products that display a smiley face. Because the plaintiff has trademark registrations for the dictionary word "smiley," it claims vendors are engaging in "counterfeiting" in those circumstances. The word

"smiley" in this product is not to identify the source of the product. Instead, it is clearly using the term "smiley" for its dictionary meaning to describe the graphic displayed on the product. This reference is not "counterfeiting" of the plaintiff mark; it is vendors and consumers talking to each other using a word in the dictionary.

## COUNT V -- INFRINGEMENT OF COPYRIGHT

**all allegations for paragraphs 75-83 are DENIED**

- Eurolocos have not infringed upon any of Plaintiffs copyrights.
- Eurolocos has never heard of the Plaintiff or seen their products in order to commit infringement.
- Authorization from Plaintiff is not required as it is not their product and is not infringing in their registered copyrights.
- There has been no wilful infringement.
- The plaintiff has not had any monetary loss from this listing as there is no infringement.

## AFFIRMATIVE DEFENCES

Defendants asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on Plaintiffs.

**AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Answering Defendant has only made sales of genuine products.

**AS AND FOR A SECOND AFFIRMATIVE DEFENCE: non-infringement**

Answering Defendants have not infringed any applicable trademark under federal or state law.

**AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness**

Without admitting any infringement, Answering Defendants have not wilfully infringed on any trademarks-in-suit.

**AS AND FOR A FORTH AFFIRMATIVE DEFENCE: innocent infringement**

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation**

Plaintiff's claims against Answering Defendants are barred because Plaintiff's damages, if any, were not caused by Answering Defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from answering Defendant's alleged actions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case**

Answering Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws.

**AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights**

Answering Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

**Final Remark from Eurolocos**

Please refer to the Declaration of Dean Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling".

Eurolocos believes this lawsuit involves intellectual property "trolling." As defined by Dean Eric Goldman in his declaration on the above case.

Dean Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.
- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

It is known there is at least 1 other smiley cases that has been filed recently, with a large number of cases filed in the summer. A large number of defendants have been dismissed and cases closed. The almost immediate request for money affects the defendants, along with the restriction on accounts.

They are seemingly given little to no choice but to pay off the attorney. The amount being requested amounts to a similar amount that would be required to pay for a US attorney.

I, Mark Pearson, the defendant Eurolocos, hereby respectfully prays for an order to be entered:

1. Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety
2. Granting Eurolocos costs and expenses incurred defending this matter; and
3. Granting Eurolocos all other appropriate relief

Alternatively, if the court considers it unnecessary to dismiss plaintiff's complaint, Eurolocos hereby respectfully requests the court to withdraw the injunction order and/or enter a judgement.

DATED  November 17th 2023                                         Respectfully submitted,


                                                                  /s/ Mark Pearson

                                                                  Defendant 177

                                                                  Eurolocos

                                                                  ebay@eurolocos.co.uk

                                                                  pro se litigant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Eurolocos's Answer and Affirmative Defences to the complaint was served upon each party on this 17th day of November 2023. The original signed hardcopy has been posted to Judge RODOLFO A. RUIZ II, Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue

Courtroom 11-2, Miami, FL 33128


A pdf copy caused to be sent by email to:

**Attorneys for Plaintiff**

Javier Sobrado, Esq - jsobrado@brickellip.com

The Brickell IP Group, PLLC

Javier Sobrado (Fla. Bar No. 44992)


POST AWYR
par-avion
Post Brenhinol


ITS Int'l Tracked & Signed
£11.35
FL33128        00.120kg
BR: 239644     400 MI
1-244760       17/11/23
               VAT u5
PRN: 0213-A81C-013B-C17B

JUDGE RODOLFO A. RUIZ II,
WILKIE D. FERGUSON, JR.
UNITED STATED COURTHOUSE,
400 N. MIAMI AVENUE,
COURTROOM 11-2,
MIAMI,
FL 33128,
UNITED STATES

USMS INSPECTED



International Standard / Economy services

**CUSTOMS DECLARATION    CN 22**
Complete in BLOCK CAPITALS.       May be opened officially
Further guidance at royalmail.com/customs    Great Britain

Sender's Name: M. Pearson
Sender's Address & Postcode: Doly gaer, cnwc-y-llo Road, off Hosp Rd, Builth Wells LD23HE

Contents (Tick all that apply): ✓ Other
Description of contents: Urgent paper work for court correspondence | Quantity: 1 | Weight: 120g
Total: 1 | 120g

Sign & Date: 17-11-23

UG932909211GB
CN22B (Jan 21)




Great Britain
Recommandé
Royal Mail  International
            Tracked & Signed
RN 8150 1733 5GB
PRIORITY MAIL   REGISTERED DELIVERY


REC'D BY _____ D.C.
NOV 28 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA