

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-23799 - cut.n.crafts

The Smiley Company SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.
_____/

**DEFENDANT NO. 161**

**CUT.N.CRAFT'S ANSWER TO THE COMPLAINT**

I, Robin Watson, declare and state as follows:

1. **Cut.n.Crafts** is the name of a store on eBay UK and the defendant number **161** identified on the schedule A in this case.

2. I hereby certify that this is my marketplace selling page and it is just a tool to sell items

3. I am a private individual and I am personally responsible for what I do, what I sell and any money I make using this account.

4. Due to very limited finances, I will be representing myself pro se

I declare that the information provided by me above, is true and correct

Upon requesting detailed evidence from the plaintiff's attorney, it has been extremely difficult to get any sort of understanding of the complaint specific to Cut.n.Crafts.

The evidence received is simply a collection of screen shots.

No actual purchase has been made by Plaintiff (**EXHIBIT 3**).

Due process typically requires that each online defendant intentionally direct their actions into the forum jurisdiction, and that "intent" standard requires defendant-specific fact. The complaint is very much a <u>copy and paste</u> of hundreds of other similar cases, where maybe a keyword has been searched and all results gathered in to one single complaint.

There is no evidence of any suit-related contacts between Cut.n.Crafts and anyone in Florida.

See Rubik's Brand, 2021 WL 825668, at *3–4 (distinguishing Hemi where the defendant "display[ed] products online that are shippable to Illinois" but "made no sales to Illinois residents").

Cut.n.Crafts displayed the product online but there is no evidence it targeted persons in Florida, or that anyone in Florida ever viewed them. The IP addresses shown in the evidence show (**EXHIBIT 1**) 2a0d:5600:6:79::5 West Virginia

**Comment [DM2]:**

A plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website. See Rubik's case No. 20-cv-5338 where it was proven.

For the reasons explained above, this is insufficient to support personal jurisdiction.

Plaintiff simply wants money to settle, despite my arguments.

Plaintiff has also included Cut.n.Crafts in a case based on conclusory allegations of connectivity. Plaintiff alleges that "one or more" trademarks and or copyrights are allegedly being infringed by various Defendants without any clear statement as to which Defendant infringes on which mark(s). Even with the evidence provided it is unclear on specifics. Cut.n.Crafts is not linked in any way to any of the defendants listed in the schedule A and therefore this method of lawsuit is totally undermining the courts judicial economy. Essentially being on a marketplace should not be a reason to link defendants, and using a word from the dictionary should also not be a reason to link defendants.

Based on these points Cut.n.Crafts requested Plaintiff to dismiss **with Prejudice.**

The plaintiff just keeps asking for money denying the arguments.

Therefore, Cut.n.Crafts provides answers to the court as follows specific to the 5 counts detailed in the complaint:

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

**COUNT I – all allegations for paragraphs 50-56 are DENIED**

- Cut.n.Crafts hereby adopts and re-alleges the non-count specific paragraphs detailed above
- The product listing does **not** bear any of Plaintiffs marks, either counterfeit or genuine
- Cut.n.Crafts is **not** in direct competition with the plaintiff
- There is **no** possible confusion likely to be caused among the general purchasing public. The plaintiff has not provided evidence of how any potential confusion would arise from the item. The trademark is different to a variety of different smiling expressions and demonstrates how different a smiley face can look. [Comment [DM4]]
- The plaintiff would **not** have had any monetary loss from this product.
- It is **not** their product and does not include any trademarks.
- There were **zero** sales in Florida and in the entire US, and the plaintiff has not provided any evidence to counter this. [Comment [DM5]]

## COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. §1125(A))

COUNT II – all allegations for paragraphs 57-64 are DENIED

- Cut.n.Crafts hereby adopts and re-alleges the non-count specific paragraphs detailed above
- The product is not widely advertised throughout the US and is not counterfeit. It bears none of Plaintiffs Trademarks.
- There is **no** possible confusion because the product description does not imply the plaintiff as the origin and does not have any of the plaintiff's marks.
- The item has been <u>removed from sale</u>, so there is no chance of future confusion and harm despite it not infringing
- The screenshot simply shows the website was accessible by the evidence gathers in the USA.
- There is no evidence the product was in any way targeted at or directed to the Florida market as a website can simply be accessed anywhere in the world no matter whether the products are available for purchase there or not and was viewed by "Persons Unknown" shown at the top left of the screenshot of the eBay page (**Jade!**) and no one else mentioned or named within the document **(EXHIBIT 2).**
- The item is **not** counterfeit. Plaintiff cannot comment on any level of quality based on a screen shot.
- Having checked sales records, there are **no sales made to the US** as the country is excluded specifically from sales on the eBay platform along with Africa,, India, and non EU countries
- The plaintiff did not complete a sale. **(EXHIBIT 3)**
-

- **NOTE: No transaction was completed as exclusion prevents a sale being made**
- The product is **not identical** to Plaintiffs and Cut.n.Crafts version has not found any identical product from the Plaintiff.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

**COUNT III – all allegations for paragraphs 65-69 are DENIED**

- Cut.n.Crafts hereby adopts and re-alleges the non-count specific paragraphs detailed above
- Cut.n.Crafts is **not** in competition and has never heard of Plaintiff until being brought into this case
- There is **no** possible confusion likely. The description does **not** imply anywhere that it is from the plaintiff's business. The general purchasing public would see a noun describing the product in the title
- The plaintiff has **not** had any monetary loss from the product as it is not infringing and there have been no sales.
- There is **no** evidence of widely advertising in the United States. It simply shows the website was accessible by the evidence gathers. There is no evidence the product was in any way targeted at or directed to the Florida market

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

**COUNT IV – all allegations for paragraphs 70-74 are DENIED**

- Cut.n.Crafts hereby adopts and re-alleges the non-count specific paragraphs detailed above
- The product listing does **not** bear any counterfeit marks. It is not counterfeit.
- There is **no** trademark on the listing image or in the description
- There is **no** possible confusion likely to be caused and the item is not counterfeit, is **not** the Plaintiffs product and does **not** bear any of Plaintiff's marks.

The word "smiley" is in many dictionaries and has been in use since the 1840's. For example, the current online definition when typed in Google comes from Oxford languages, a world leading dictionary publisher. It defines smiley in 2 ways;

1. as an adjective "smiling; cheerful." With an example of use "he drew a smiley face".
2. as a noun "a symbol representing a smiling face that is used in written communication to indicate that the writer is pleased or joking"

Vendors, including Cut.n.Crafts invoke this dictionary meaning frequently to describe their products that display a smiley face. Because the plaintiff has trademark registrations for the dictionary word "smiley," it claims vendors are engaging in "counterfeiting" in those circumstances. The word "smiley" in this product is **not** to identify the source of the product. Instead, it is clearly using the term "smiley" for its dictionary meaning to describe the graphic displayed on the product. This reference is not "counterfeiting" of the plaintiff mark; it is vendors and consumers talking to each other using a word in the dictionary.

## COUNT V -- INFRINGEMENT OF COPYRIGHT

all allegations for paragraphs 75-83 are DENIED

- Cut.n.Crafts have not infringed upon any of Plaintiffs copyrights
- Cut.n.Crafts has never heard of the Plaintiff or seen their products in order to commit infringement
- Authorisation from Plaintiff is not required as it is not their product and is not infringing in their registered copyrights.
- There has been no wilful infringement
- The plaintiff has not had any monetary loss from this listing as there is no infringement

## AFFIRMATIVE DEFENCES

Defendants asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on Plaintiffs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Answering Defendant has only made sales of genuine products.

### AS AND FOR A SECOND AFFIRMATIVE DEFENCE: non-infringement

Answering Defendants have not infringed any applicable trademark under federal or state law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness

Without admitting any infringement, Answering Defendants have not wilfully infringed on any trademarks-in-suit.

### AS AND FOR A FORTH AFFIRMATIVE DEFENCE: innocent infringement

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent

### AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation

Plaintiff's claims against Answering Defendants are barred because Plaintiff's damages, if any, were not caused by Answering Defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from answering Defendant's alleged actions

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case**

Answering Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws

**AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights**

Answering Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

## Final Remark from Cut.n.Crafts

Please refer to the Declaration of Dean Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling".

Cut.n.Crafts believes this lawsuit involves intellectual property "trolling." As defined by Dean Eric Goldman in his declaration on the above case.

Dean Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.
- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

It is known there is at least 1 other smiley cases that has been filed recently, with a large number of cases filed in the summer. A large number of defendants have been dismissed and cases closed. The almost immediate request for money affects the defendants, along with the restriction on accounts. They are seemingly given little to no choice but to pay off the attorney. The amount being requested amounts to a similar amount that would be required to pay for a US attorney.

I, Robin Watson, the defendant Cut.n.Crafts, hereby respectfully prays for an order to be entered:

1. Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety
2. Granting Cut.n.Crafts costs and expenses incurred defending this matter; and
3. Granting Cut.n.Crafts all other appropriate relief

Alternatively, if the court considers it unnecessary to dismiss plaintiff's complaint, Cut.n.Crafts hereby respectfully requests the court to withdraw the injunction order and/or enter a judgement.

DATED 17/11/2023

Respectfully submitted,

Robin Watson

Defendant 161

rw@cut-n-crafts.co.uk

pro se litigant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Cut.n.Craft's Answer and Affirmative Defences to the complaint was served upon each party on this Seventeenth day of November 2023.

The original signed hardcopy has been posted to Judge RODOLFO A. RUIZ II, Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue

Courtroom 11-2, Miami, FL 33128

A pdf copy caused to be sent by email to:

**Attorneys for Plaintiff**

Javier Sobrado, Esq - jsobrado@brickellip.com

The Brickell IP Group, PLLC

Javier Sobrado (Fla. Bar No. 44992)





Judge Rodolfo A. Ruiz II, Wilkie D. Ferguson, Jr.
United States Courthouse, 400 N.
Miami Avenue. Courtroom 11-2
Miami, FL 33128

Please do not bend