UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-23799-RAR

The Smiley Company SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

FILED BY MC D.C.
DEC - 1 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANT NO. 215**

**KELLYS_AUSWAHL'S ANSWER TO THE COMPLAINT**

I, Qing Wang, declare and state as follows:

1. **kellys_auswahl** is the name of a store on **eBay** and the defendant number **215** identified on the schedule A in this case.

2. I hereby certify that this is my marketplace selling page and it is just a tool to sell items.

3. I am a private individual and I am personally responsible for what I do, what I sell and any money I make using this account.

4. Due to limited finances, I will be representing myself pro se.

I declare that the information provided by me above, is true and correct.

It has been extremely challenging to comprehend the complaint specific to kellys_auswahl, as the allegations mentioned in the complaint are very generic. The evidence provided by the plaintiff's attorney upon request is simply a collection of screenshots.

The product was listed on eBay Germany (ebay.de) in the German language. In the evidence the title of the item is shown in English (**EXHIBIT 1**). As can be seen from the "show original title" option under the title, the title displayed is not the original one but a translation by a third-party translator. The title is an important part of any listing, but is not shown in its original form. kellys_auswahl does not believe that the translation is admissible evidence. If Plaintiff provides evidence of the original title or if the court accepts the translation as evidence, kellys_auswahl will provide further answers.

kellys_auswahl has written the title in German and is not responsible for the English translation.

Given that the item was listed in the German language (**EXHIBIT 2**), it is clear that the item did not target customers in Florida or the United States. kellys_auswahl has never sold this item in the state of Florida or in the United States. There is even no evidence that anyone in Florida has ever viewed the item as the IP address shown in the evidence is actually located in the Philippines (**EXHIBIT 3**). The screenshots simply show the website was accessible by the evidence gatherer in the Philippines. There is no evidence the product was in any way targeted at or directed towards the Florida or US market. There is no evidence of widely advertising in Florida or in the United States.

It is worth noting that the evidence provided by the plaintiff's attorney had a file name of "23-cv-23799 (Amazon)-kellys_auswahl.pdf" while kellys_auswahl is a store on eBay, not on Amazon. (**EXHIBIT 4**). Taking into account that the original title of the item was not included in the evidence, I am under the impression that Plaintiff is not concerned with defendant-specific facts.

There is no evidence of any suit-related contacts between kellys_auswahl and anyone in Florida. See Rubik's Brand, 2021 WL 825668, at *3–4 (distinguishing Hemi where the defendant "display[ed] products online that are shippable to Illinois" but "made no sales to Illinois residents").

A plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website". See Rubik's case No. 20-cv-5338 where it was proven.
For the reasons explained above, this is insufficient to support personal jurisdiction.

Plaintiff has also included kellys_auswahl in a case based on conclusory allegations of connectivity. kellys_auswahl is not connected in any way to any of the defendants listed in Schedule A. Being on a marketplace or using a word from the dictionary should not be a reason to link defendants. This method of lawsuit undermines the court's judicial economy significantly.

Plaintiff alleges that "one or more" trademarks and/or copyrighted works are allegedly being infringed by various defendants without any clear statement as to which defendant infringes on which mark(s). kellys_auswahl has sent an email to the plaintiff's attorney regarding this issue but has received no response. The complaint mentions two trademarks on pages 8-16. Since the design mark shown on page 15 is not registered for the category of the product, kellys_auswahl assumes that it is not relevant. If this is not the case, kellys_auswahl will provide further answers.

The word "smiley" has its origins in English language and is also widely used in German. It is a dictionary word in both languages. For examples, it is shown in the online Duden dictionary that "Smiley" is a noun and has the meaning: Emoticon in Form eines stilisierten lächelnden Gesichtes (als eigenes Zeichen oder als Kombination von Doppelpunkt, Divis und schließender Klammer).

3

Vendors, including kellys_auswahl, invoke the dictionary meaning of the word to describe their products that display a smiley face. Because the plaintiff has trademark registrations for the dictionary word "smiley", it claims vendors are engaging in "counterfeiting" in those circumstances. The word "Smiley" (in German, all nouns are capitalized) in the listing is not to identify the source of the product. Instead, it is clearly using the term "Smiley" for its dictionary meaning to describe the graphic displayed on the product (**EXHIBIT 1 and 2**). This reference is not "counterfeiting" of the plaintiff's mark; it is vendors and consumers talking to each other using a word in the dictionary. There is no trademark on the product or the listing images (**EXHIBIT 1**). The product was listed as "Markenlos" (meaning unbranded) (**EXHIBIT 2**).

kellys_auswahl had never heard of Plaintiff or its trademarks when offering the product on eBay.

Communicating with Plaintiff has been very difficult. In his already delayed reply, the plaintiff's attorney disregarded the arguments of Defendant and continued to make baseless claims in order to get money from Defendant.

Therefore, kellys_auswahl provides answers to the court as follows specific to the 5 counts detailed in the complaint:

**COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

**COUNT I – all allegations for paragraphs 50-56 are DENIED**

- kellys_auswahl hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- The product listing does not bear any of Plaintiffs marks, either counterfeit or genuine.
- kellys_auswahl is not in direct competition with the plaintiff.

4

- There is no possible confusion likely to be caused among the general purchasing public. The plaintiff has not provided evidence of how any potential confusion would arise from the item.
- The plaintiff would not have had any monetary loss from this product. It is not their product and does not include any trademarks. It has never been sold in Florida and in the entire US, and the plaintiff has not provided any evidence to counter this.

## COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. §1125(A))

**COUNT II – all allegations for paragraphs 57-64 are DENIED**

- kellys_auswahl hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- The product is not widely advertised throughout the US and is not counterfeit. It bears none of Plaintiff's Trademarks.
- There is no possible confusion because the product description does not imply the plaintiff as the origin and does not have any of the plaintiff's marks.
- The item has been removed from sale, so there is no chance of future confusion and harm despite it not infringing.
- The item is not counterfeit. Plaintiff cannot comment on any level of quality based on a screenshot. Having checked sales records, there are no sales made to the US. The plaintiff did not complete a purchase. **(EXHIBIT 5)**
- The product is not identical to Plaintiff's and kellys_auswahl has not found any similar product from the Plaintiff.

5

**COUNT III -- COMMON LAW UNFAIR COMPETITION**

**COUNT III – all allegations for paragraphs 65-69 are DENIED**

- kellys_auswahl hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- kellys_auswahl is not in competition with Plaintiff.
- There is no possible confusion likely. The description does not imply anywhere that it is from the plaintiff's business. The general purchasing public would see a noun describing the product in the title.
- The plaintiff has not had any monetary loss from the product as it is not infringing and there have been no sales in the United States.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

**COUNT IV – all allegations for paragraphs 70-74 are DENIED**

- kellys_auswahl hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- The product listing does not bear any counterfeit marks. It is not counterfeit.
- There is no trademark on the listing images or in the text.
- There is no possible confusion likely to be caused and the item is not counterfeit, is not Plaintiff's product and does no bear any of Plaintiff's marks.

## COUNT V -- INFRINGEMENT OF COPYRIGHT

**all allegations for paragraphs 75-83 are DENIED**

- kellys_auswahl hereby adopts and re-alleges the non-count specific paragraphs detailed above.
- kellys_auswahl has not infringed upon any of Plaintiff's copyrights.
- kellys_auswahl had never heard of the plaintiff or seen their products in order to commit infringement.
- Authorisation from Plaintiff is not required as it is not their product and is not infringing in their registered copyrights.
- There has been no wilful infringement.
- The plaintiff has not had any monetary loss from this listing as there is no infringement.

## AFFIRMATIVE DEFENCES

Defendant asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on Plaintiff.

**AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Answering Defendant has only made sales of genuine products.

**AS AND FOR A SECOND AFFIRMATIVE DEFENCE: non-infringement**

Answering Defendant has not infringed any applicable trademark under federal or state law.

**AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness**

Without admitting any infringement, Answering Defendant has not wilfully infringed on any trademarks-in-suit.

**AS AND FOR A FORTH AFFIRMATIVE DEFENCE: innocent infringement**

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation**

Plaintiff's claims against Answering Defendant are barred because Plaintiff's damages, if any, were not caused by Answering Defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendant in the Complaint, and the relief prayed for in the Complaint, therefore, cannot be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from answering Defendant's alleged actions

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case**

Answering Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws

**AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights**

Answering Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

**Final Remark from** kellys_auswahl

Please refer to the Declaration of Prof. Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling".

kellys_auswahl believes this lawsuit involves intellectual property "trolling" as defined by Prof. Eric Goldman in his declaration on the above case.

Prof. Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.
- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Overclaiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

It is known there is at least one other smiley case that has been filed recently, with a large number of cases filed in the summer. A large number of defendants have been dismissed and cases closed.

The almost immediate request for money affects the defendants, along with the restriction on accounts. They are seemingly given little to no choice but to pay off the attorney. The amount being requested amounts to a similar amount that would be required to pay for a US attorney.

I, Qing Wang, the defendant kellys_auswahl , hereby respectfully prays for an order to be entered:

1. Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety
2. Granting kellys_auswahl costs and expenses incurred defending this matter; and
3. Granting kellys_auswahl all other appropriate relief

Alternatively, if the court considers it unnecessary to dismiss plaintiff's complaint, kellys_auswahl hereby respectfully requests the court to withdraw the injunction order and/or enter a judgement.

DATED 27th of November 2023                             Respectfully submitted,

/s/ Qing Wang

Defendant 215

kellys_auswahl

KellysAuswahl@t-online.de

pro se litigant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of kellys_auswahl's Answer and Affirmative Defences to the complaint was served upon each party on this 21st day of November. The original signed hardcopy has been posted to Judge RODOLFO A. RUIZ II, Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 11-2, Miami, FL 33128

A copy caused to be posted to:

**Attorneys for Plaintiff**

Javier Sobrado, Esq.

The Brickell IP Group, PLLC

1101 Brickell Ave., South Tower, Suite 800

Miami, FL 33131

T: 305-728-8831

REC'D BY ______ D.C.
DEC - 1 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

QING WANG
0000000000
QING WANG
GRAFELFINGER STR. 114
81375 MÜNCHEN
GERMANY

1 KG
1 OF 1
SHP#: 02W9 3ETG HCJ
SHP WT: 0.5 KG
DATE: 28 NOV 2023

SHIP TO:
WILKIE D. FERGUSON, JR. COURTHOUSE
3055235100
JUDGE RODOLFO A. RUIZ II
COURTROOM 11-2
400 NORTH MIAMI AVENUE
**MIAMI FL 33128**
**UNITED STATES**

**FL 330 6-03**

**UPS SAVER**
TRACKING #: 1Z 02W 93E 04 9304 6315
**1P**

BILLING: P/P
DESC: Documents
**EDI-DOC**

Reference No.1: A-231128XOAO-1
XOL 23.11.05 NV45 48.0A 11/2023*
JUMiNGO

JUDGE RODOLFO A RUIZ II
400 N MIAMI AVE
MIAMI FL 33128
P: RED S: MRED
333-3100 I: 333
1Z02W93E049304 6315 X
2CL1HDH UD12 DEC 1 07:21:43 2023
US 3310 HIP 23.8.0 BIHGLOH770 2330

