UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: Smiley-237991:23-cv-23799-RAR

The Smiley Company SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Sparklyeyes2006

_____/

FILED BY MC D.C.

DEC 11 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

DEFENDANT NO. 288

Sparklyeyes2006 'S ANSWER TO THE COMPLAINT

I, Caroline Taylor, declare and state as follows:

- Defendant **Sparklyeyes2006** is the name of a seller on **Ebay** and the defendant number **288** identified on the schedule A in this case.

- I hereby certify that this is my marketplace selling page and it is just a tool to sell items.

- I am self-employed and therefore I am personally liable for what I do, what I sell and any money I make using this account.

- The account name is simply equivalent to a trading name and there is no legal difference

- I believe in Florida, this aligns with a sole proprietor setup due to me being the sole person and personally liable for everything I do using my account.

- Due to limited finances, I will be representing myself pro se as my tradename Sparklyeyes2006 is named in the schedule A

I declare that the information provided by me above, is true and correct.

Therefore, Sparklyeyes2006, (herein "Defendant") provides answers to the court as follows:

## NATURE OF ACTION

1. Defendant denies the allegation. Defendant asserts that it is not involved in promoting, selling, reproducing, offering for sale, or distributing goods using counterfeits or confusingly similar imitations of Smiley's trademarks and copyrighted works.

2. Defendant denies the allegation.

3. Defendant is without knowledge. As such, in the abundance of caution, denied.

## JURISDICTION AND VENUE

4. Defendant is without knowledge. As such, in the abundance of caution, denied.

5. Defendant is without knowledge. As such, in the abundance of caution, denied.

6. Defendant is without knowledge. As such, in the abundance of caution, denied.

7. Defendant denies the allegation

8. Defendant denies the allegation. Defendant asserts that it is not engaged in infringing activities and not causing harm

## THE PLAINTIFF

9. Defendant is without knowledge. Defendant has never heard of the Plaintiff until receiving the summons. As such, in the abundance of caution, denied.

10. Defendant is without knowledge. As such, in the abundance of caution, denied.

11. Defendant is without knowledge. As such, in the abundance of caution, denied.

12. Defendant is without knowledge. As such, in the abundance of caution, denied.

13. Defendant is without knowledge. As such, in the abundance of caution, denied.

14. Defendant is without knowledge. As such, in the abundance of caution, denied.

15. Defendant is without knowledge. As such, in the abundance of caution, denied.

16. Defendant is without knowledge. As such, in the abundance of caution, denied.

## THE DEFENDANTS

17. Defendant denies the allegation. Defendant asserts that it does not specifically direct business toward the United States. The aim is to sell to UK customers.

18. Defendant denies the allegation. Defendant asserts that it is not engaged in infringing activities of Plaintiff's trademarks and copyrights as described

19. Defendant denies the allegation. Defendant asserts that its' goods do not bear any of Plaintiff's trademarks and copyrights as described. Defendant asserts that it does not have other aliases and domains and does not conduct illegal activities. Defendant does not purposefully direct the alleged infringing goods to the State of Florida

20. Defendant denies the allegation. Defendant asserts that it has not engaged in any fraudulent conduct. To trade on eBay UK, you have to provide proof identity in order to create an account.

21. Defendant denies the allegation. Defendant asserts the eBay account was only created for legal activities of purchasing and selling and it can be seen in the seller information that this account was created in 2006.

22. Defendant denies the allegation. Defendant asserts that it has never created multiple accounts, and will not continue to register and acquire new accounts. Defendant asserts that Plaintiff has no information about it to come to any conclusion of the sort.

23. Defendant denies the allegation.

24. Defendant denies the allegation. Defendant asserts is in not connected to any selling of counterfeiting or infringing goods of Plaintiff. Defendant has never heard of Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

25. Defendant is without knowledge. As such, in the abundance of caution, denied.

26. Defendant is without knowledge. As such, in the abundance of caution, denied.

27. Defendant is without knowledge. As such, in the abundance of caution, denied.

28. Defendant is without knowledge. As such, in the abundance of caution, denied.

29. Defendant is without knowledge. As such, in the abundance of caution, denied.

30. Defendant is without knowledge. As such, in the abundance of caution, denied.

31. Defendant is without knowledge. As such, in the abundance of caution, denied.

32. Defendant is without knowledge. As such, in the abundance of caution, denied.

33. Defendant is without knowledge. As such, in the abundance of caution, denied.

34. Defendant is without knowledge. As such, in the abundance of caution, denied.

35. Defendant is without knowledge. As such, in the abundance of caution, denied.

36. Defendant denies the allegation. Defendant asserts that its' goods do not bear any of Plaintiff's trademarks and copyrights as described

37. Defendant is without knowledge. Defendant is not aware of Plaintiffs good to make any comparison on quality and is of the belief that the quality of a product could not be established from a mere image on a product listing.

38. Defendant denies the allegation. Defendant asserts that its' goods do not bear any of Plaintiff's trademarks and copyrights as described

39. Defendant denies the allegation. Defendant asserts that it is not part of any overall infringement and counterfeiting scheme and that Plaintiff has no evidence to jump to such

a conclusion. Defendant asserts the only thing in common with other defendants on the Schedule A, is that they are all online marketplace sellers. The layout of the products follows a structure that each marketplace determines. Defendant asserts that Plaintiff cannot base conclusions of connectivity between other defendants based on the fact they are selling products on the same or similar marketplaces. Defendant denies any relation to the other defendants on the Schedule A.

40. Defendant denies the allegation. Defendant asserts that its' goods do not bear any of Plaintiff's trademarks and copyrights as described

41. Defendant denies the allegation. Defendant has never heard of Plaintiff until receiving the summons.

42. Defendant denies the allegation. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described

43. Defendant denies the allegation. Defendant asserts that it is not engaging in any illegal counterfeiting and infringing activities

44. Defendant denies the allegation. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described, and consumers are not being deceived.

45. Defendant denies the allegation. Defendant asserts that it is not engaging in any illegal counterfeiting and infringing activities

46. Defendant denies the allegation. Defendant asserts that Plaintiff has no information about it to conclude that it would transfer or conceal assets.

47. Defendant is without knowledge. As such, in the abundance of caution, denied.

48. Defendant denies the allegation. Defendant asserts that it is not engaging in any illegal counterfeiting and infringing activities involving Plaintiff's works and therefore Plaintiff will not have suffered any injury.

49. Defendant denies the allegation. Defendant asserts that it is not engaging in any illegal counterfeiting and infringing activities involving Plaintiff's works and therefore Plaintiff will not have suffered any injury.

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

50. Defendant hereby adopts and re-alleges the non-count specific paragraphs 1-49 detailed above

51. Defendant denies the allegation. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described

52. Defendant denies the allegation. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described

53. Defendant denies the allegation. Defendant asserts there is no possible confusion likely to be caused among the general purchasing public.

54. Defendant denies the allegation. Defendant asserts there is no possible damage to Plaintiff as Defendant has not infringed on any of their works. It is not their product and does not include any trademarks. There were zero sales in Florida and in the entire US, and Plaintiff cannot conclude from this that Defendant has been enriched.

55. Defendant denies the allegation. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described

56. Defendant denies the allegation. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described and will not have suffered or have a potential to suffer injury and damages in the future.

### COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. §1125(A))

57. Defendant hereby adopts and re-alleges the non-count specific paragraphs 1-49 detailed above

58. Defendant denies the allegation. Defendant asserts that its' goods do not bear any of Plaintiff's copyrights as described

59. Defendant is without knowledge. Defendant is not aware of Plaintiffs goods to make any comparison on quality and is of the belief that the quality of a product could not be established from a mere image on a product listing. Defendants item is not counterfeit. Plaintiff cannot comment on any level of quality if they have not got the product in their possession. Having checked sales records, there are no sales made to the US. Plaintiff did not complete an order.

60. Defendant denies the allegation. There is no possible confusion because the product description does not imply Plaintiff as the origin and does not have any of Plaintiff's marks.

61. Defendant denies the allegation. Defendant asserts that its' goods do not bear any of Plaintiff's trademarks and copyrights as described

62. Defendant denies the allegation. Defendant asserts that it is not using counterfeits and infringements of Plaintiff's marks.

63. Defendant denies the allegation. Defendant asserts that has not committed the actions described

64. Defendant denies the allegation. The alleged infringing item has been removed from sale. Defendant asserts there is no chance of future confusion and harm despite it not infringing, as it has no intention to make the item available again.

### COUNT III -- COMMON LAW UNFAIR COMPETITION

65. Defendant hereby adopts and re-alleges the non-count specific paragraphs 1-49 detailed above

66. Defendant denies the allegation.

67. Defendant denies the allegation. Defendant asserts that it is not using counterfeits and infringements of Plaintiff's marks.

68. Defendant denies the allegation. There is no possible confusion likely. The description does not imply that it is Plaintiff's. The general purchasing public would see an adjective in the title which describes the product.

69. Defendant denies the allegation. Plaintiff would not have had any injury or damages and Defendant's product is not infringing.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

70. Defendant hereby adopts and re-alleges the non-count specific paragraphs 1-49 detailed above

71. Defendant denies the allegation. The product listing does not bear any counterfeit marks. It is not counterfeit.

72. Defendant denies the allegation. Defendant asserts that it is not using counterfeits and infringements of Plaintiff's marks.

73. Defendant denies the allegation. There is no possible confusion likely to be caused and the item is not counterfeit, is not Plaintiffs product and does no bear any of Plaintiff's marks.

74. Defendant denies the allegation. Plaintiff would not have had any injury or damages and Defendant's product is not infringing.

## COUNT V -- INFRINGEMENT OF COPYRIGHT

75. Defendant hereby adopts and re-alleges the non-count specific paragraphs 1-49 detailed above

76. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights

77. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights

78. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights

79. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights

80. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights. Defendant asserts that it has never heard of Plaintiff or seen their products in order to commit purposeful infringement

81. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights

82. Defendant denies the allegation. Plaintiff would not have had any injury or damages and Defendant's product is not infringing.

83. Defendant denies the allegation. Defendant assert that it has not infringed upon any of Plaintiff's copyrights.

Defendant denies each and every allegation in the Complaint that is not expressly admitted herein. With respect to all paragraphs in which Plaintiff prays for damages or other relief, Defendant denies that Plaintiff is entitled to such relief under law.

## AFFIRMATIVE DEFENCES

Defendant asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on Plaintiffs.

- **AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action:** Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant has only made sales of genuine products.

- **AS AND FOR A SECOND AFFIRMATIVE DEFENCE: non-infringement:** Defendant has not infringed any applicable trademark under federal or state law.

- **AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness**: Without admitting any infringement, Defendant have not wilfully infringed on any trademarks-in-suit.

- **AS AND FOR A FORTH AFFIRMATIVE DEFENCE: innocent infringement**: The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent

- **AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation**: Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

- **AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage**: Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

- **AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm**: Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from Defendant's alleged actions

- **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case**: Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws

- **AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights**: Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

Defendant has yet to avail itself of its right to discovery, and does not fully know the circumstances alleged in Plaintiff's Complaint. Therefore, Defendant hereby notifies Plaintiff that, until Defendant can avail itself of the right to discovery, it cannot be determined whether or not Defendants will assert the above-stated affirmative and other defences, or whether those will be the only such defences asserted. Such defences, however, are asserted in Defendant's Answer to provide Plaintiff with notice of Defendant's intention to assert such defences and to avoid any issue of waiver of any such defences. Additionally, Defendant reserves the right to assert additional defences as the course

of discovery and investigation progresses.

## FINAL REMARK FROM DEFENDANT AND PRAYER FOR RELIEF

The word "smiley" is in many dictionaries and has been in use since the 1840's. For example, the current online definition when typed in Google comes from Oxford languages, a world leading dictionary publisher. It defines smiley in 2 ways;

1. as an adjective "smiling; cheerful." With an example of use "he drew a smiley face".
2. as a noun "a symbol representing a smiling face that is used in written communication to indicate that the writer is pleased or joking"

Vendors, including Defendant, invoke this dictionary meaning frequently to describe their products that display a smiley face. Because Plaintiff has trademark registrations for the dictionary word "smiley," it claims vendors are engaging in "counterfeiting" in those circumstances. The word "smiley" in this product is not to identify the source of the product. Instead, it is clearly using the term "smiley" for its dictionary meaning to describe the graphic displayed on the product. This reference is not "counterfeiting" of Plaintiff mark; it is vendors and consumers talking to each other using a word in the dictionary.

Please refer to the Declaration of Dean Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling". Defendant believes this lawsuit involves intellectual property "trolling." As defined by Dean Eric Goldman in his declaration on the above case.

Dean Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.
- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

It is known there is at least 1 other smiley case that has been filed recently, with a large number of cases filed in the summer. A large number of defendants have been dismissed and cases closed.

I, Caroline Taylor, the defendant Sparklyeye2006, hereby respectfully prays for an order to be entered:

1. Dismissing each of the claims with prejudice, and relief requested, in Plaintiff's Complaint in its entirety
2. Granting Sparklyeyes2006 costs and expenses incurred defending this matter; and
3. Granting Sparklyeye2006 all other appropriate relief

Alternatively, if the court considers it unnecessary to dismiss Plaintiff's complaint, Sparklyeyes2006 hereby respectfully requests the court to withdraw the injunction order and/or enter a judgement.

DATED : 02/12/2023                                              Respectfully submitted,

*C. Taylor*

/s/ **Caroline Taylor**

Defendant 288
Sparklyeyes2006
carolinetaylor00@outlook.com

pro se litigant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Sparklyeye2006's Answer and Affirmative Defences to the complaint was served upon each party on this 02nd day of December 2023. The original signed hardcopy has been posted to :

Judge RODOLFO A. RUIZ II,

And Wilkie D. Ferguson, Jr.

Us District United States Courthouse,

Attn. Clerk's Office,

Courtroom 11-2,

400 North Miami Avenue

Miami, FL 33128


A pdf copy caused to be sent by email to:

**Attorneys for Plaintiff**

Javier Sobrado, Esq - jsobrado@brickellip.com

The Brickell IP Group, PLLC

Javier Sobrado (Fla. Bar No. 44992)



