**ANSWER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 23-cv-23799

JUDGE: RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

THE SMILEY COMPANY SPRL,

Plaintiff

Vs.

LUXY TECH
DEFENDANT NO. 231

Defendant

FILED BY ___MC___ D.C.

DEC 1 5 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANT'S ANSWER**

I, Lily Rose Espinosa, declare and state as follows:

a. Defendant Luxy Tech is the name of a store on eBay and the defendant number 231 identified on the schedule A in this case.

b. I hereby certify that this is my marketplace selling page and it is just a tool to sell items.

c. I am self-employed and therefore I am personally liable for what I do, what I sell and any money I make using this account.

d. The account name is simply equivalent to a trading name and there is no legal difference

e. I believe in Florida, this aligns with a sole proprietor setup due to me being the sole person and personally liable for everything I do using my account.

f. Due to limited finances, I will be representing myself pro se as my tradename Luxy Tech is named in the schedule A

I declare that the information provided by me above, is true and correct.

The evidence provided by the Plaintiff's attorney on what intellectual property rights were infringed have been unsatisfactorily met and it has been extremely difficult to get any sort of understanding of the complaint specific to Luxy Tech. The evidence collected by the Plaintiff in relation to the Defendant is simply a collection of screenshots and does not evidence that any actual purchase of the Defendant's product was made by the Plaintiff.

The vagueness of the Plaintiff's response to specifics on the intellectual property rights infringed by the Defendant are indicative of the lawsuit being the result of a search of the word "smiley" and the aggregation of hundreds of sellers into one lawsuit without any analysis being done on if there were actually any intellectual property rights infringed or a valid claim to be made.

Upon information and belief, the Plaintiff relies on the distress and disruption caused to the Defendant by the freezing of funds/restriction on selling account in order to solicit money to settle, ignoring any reasonable arguments made by the Defendant or evidence that no intellectual property rights have been infringed. This behavior is anti-competitive and an abuse of the legal system.

Plaintiff has also included the Defendant in a case based on conclusory allegations of connectivity. Plaintiff alleges that "one or more" trademarks and or copyrights are allegedly being infringed by various defendants without any clear statement as to which defendant infringes on which mark(s). Even with the evidence provided it is unclear on specifics. Luxy Tech is not linked in any way to any of the defendants listed in the Schedule A and therefore this

1

method of lawsuit is completely undermining the court's judicial economy. Being on a marketplace should not be a reason to link defendants, nor should using a word from the dictionary.

Based on these points, the Defendant requests to be dismissed with prejudice.

The Defendant provides the below answers to the court in response to the claims set out in the Complaint.

## NATURE OF ACTION

1. Complaint is denied. Defendant denies the allegations presented in Paragraph 1 of the Complaint. The Defendant asserts that it is not involved in promoting, selling, reproducing, offering for sale, or distributing goods using counterfeits or confusingly similar imitations of Smiley's trademarks and copyrighted works.

2. Complaint is denied. Defendant denies the allegations made in Paragraph 2 of the Complaint. The Defendant asserts that it is not engaged in any ongoing, daily, or sustained violations of Plaintiffs trademark rights and copyrights. The Defendant further denies reproducing, counterfeiting, or infringing upon Plaintiffs trademarks and copyrights with the intention of confusing the consuming public or earning substantial profits. Defendant disputes any assertion that its actions contribute to the erosion of Plaintiff's goodwill or destruction.

3. Complaint is denied. Defendant denies the allegations made in Paragraph 3 of the Complaint. Defendant asserts that it has not engaged in any conduct that has contributed to the harm alleged by Plaintiff. Defendant further denies any involvement in counterfeiting or actions that have necessitated Plaintiff's expenditure of resources for trademark and copyright.

## JURISDICTION AND VENUE

4. Complaint is denied. Defendant denies the allegations made in Paragraph 4 of the Complaint. Due process typically requires that each online defendant intentionally direct their actions into the forum jurisdiction, and that "intent" standard requires defendant-specific fact. The complaint is very much a copy and paste of hundreds of other similar cases, where maybe a keyword has been searched and all results gathered in to one single complaint. There is no evidence of any suit-related contacts between Defendant and anyone in Florida. See Rubik's Brand, 2021 WL 825668, at *3–4 (distinguishing Hemi where the defendant "display[ed] products online that are shippable to Illinois" but "made no sales to Illinois residents"). Defendant displayed the product online but there is no evidence it targeted persons in Florida, or that anyone in Florida ever viewed them. Plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website." See Rubik's case No. 20-cv-5338 where it was proven. Defendant asserts this is insufficient to support personal jurisdiction.

5. Complaint is denied. Defendant denies the allegations made in Paragraph 5 of the Complaint.

6. Complaint is denied. Defendant denies the allegations made in Paragraph 6 of the Complaint.

7. Complaint is denied. Defendant denies the allegations made in Paragraph 7 of the Complaint. The Defendant has not infringed the Plaintiffs trademarks and copyrights and is not purposefully availing itself of the United States to perpetuate unlawful activity.

8. Complaint is denied. Defendant denies the allegations made in Paragraph 8 of the Complaint. The Defendant is non engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.

## THE PLAINTIFF

9. Defendant is without knowledge as to Paragraph 9 of the Complaint.
10. Defendant is without knowledge as to Paragraph 10 of the Complaint.
11. Defendant is without knowledge as to Paragraph 11 of the Complaint.
12. Defendant is without knowledge as to Paragraph 12 of the Complaint.
13. Defendant is without knowledge as to Paragraph 13 of the Complaint.
14. Defendant is without knowledge as to Paragraph 14 of the Complaint.

2

15. Defendant is without knowledge as to Paragraph 15 of the Complaint.

16. Defendant is without knowledge as to Paragraph 16 of the Complaint. Defendant is without knowledge of Plaintiff or its Trademarks and Copyrights. Defendant has never heard of the Plaintiff until receiving the summons. As such, in the abundance of caution, paragraphs 9-16, inclusive, are denied.

## THE DEFENDANTS

17. Complaint is denied. Defendant denies the allegations made in Paragraph 17 of the Complaint. The Defendant is not of "unknown makeup". Requirements of the eBay platform mean that the location details of the seller are clearly accessible to customers. The location of the store is listed twice in the seller profile for Luxy Tech and once within the listing itself (as underlined below). Extracts below from the eBay website at:

www.ebay.com.au/usr/luxytech

---

ebay     Shop by ⌄          🔍 Search for anything                                          All Categories
          category

**luxytech**

100% positive Feedback (311)    1.8K items sold    67 followers

☰ Categories      Shop    **About**    Feedback                              🔍 Search all 69 items

## About

Stylish iPhone Cases & Tech Accessories. FREE AU shipping & $18 international shipping. Griffith, Australia.

Location: **Australia**
Member since: **12 March 2006**



Defendant asserts that it does not specifically target business toward the United States. The primary aim is to sell to Australian customers as the Australian flag shown in the listing photos (as above).

18. Complaint is denied. Defendant denies the allegations made in Paragraph 18 of the Complaint. The Defendant denies any sale of products under counterfeits and infringements of Plaintiffs trademarks and copyrights.

19. Complaint is denied. Defendant denies the allegations made in Paragraph 19 of the Complaint. The Defendant denies advertising, offering for sale, and selling goods bearing one or more of Plaintirs trademarks and copyrights to consumers within the United States and this District. Plaintiff has made a case based on conclusory allegations of connectivity. Plaintiff alleges that "one or more" trademarks and copyrights are allegedly being infringed by a list of Defendants without any clear statement as to which Defendant infringes on which mark(s). Even with the evidence provided it is unclear on specifics. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and or copyrights as described. Defendant asserts that it does not have other aliases and domains and does not conduct illegal activities. Defendant does not purposefully direct the alleged infringing goods to the State of Florida.

20. Complaint is denied. Defendant denies the allegations made in Paragraph 20 of the Complaint. The Defendant denies any fraudulent conduct. The screenshot evidence does not show how or why Plaintiff concludes that Defendant has engaged in fraudulent conduct with respect to the registration of a seller ID. There are no defendant specific facts provided. Defendant asserts that it has not engaged in any fraudulent conduct.

21. Complaint is denied. Defendant denies the allegations made in Paragraph 21 of the Complaint. Defendant asserts the eBay account was only created for legal activities of purchasing and selling and it can be seen in the seller information that this account was created in 2006. The Defendant has developed a well loved business with over a thousand sales, hundreds of reviews and 100% positive feedback. Plaintiff alleges "some" defendants, without being defendant specific. This is a conclusory allegation.

4

22. Complaint is denied. Defendant denies the allegations made in Paragraph 22 of the Complaint. The Defendant has maintained and will continue to maintain the same seller identification. The Defendant never has and never will sell and offer for sale goods infringing Plaintiff's products, bearing counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks, and unauthorized reproductions or derivative works. Defendant asserts that item was removed from sale as soon as informed of the allegations.

23. Complaint is denied. Defendant denies the allegations made in Paragraph 23 of the Complaint. The Defendant has not infringed on any of the intellectual property rights of Plaintiff. The descriptive fair use principle applies.

24. Complaint is denied. Defendant denies the allegations made in Paragraph 24 of the Complaint. The Defendant denies use of any of the intellectual property rights of the Plaintiff. Defendant has never heard of Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

25. Defendant is without knowledge as to Paragraph 25 of the Complaint. The Defendant swears under oath (and would happily take a lie detector test) that the Defendant had never heard of the Plaintiff or its intellectual property rights until this lawsuit.

26. Defendant is without knowledge as to Paragraph 26 of the Complaint.

27. Defendant is without knowledge as to Paragraph 27 of the Complaint.

28. Defendant is without knowledge as to Paragraph 28 of the Complaint.

29. Defendant is without knowledge as to Paragraph 29 of the Complaint.

30. Complaint is denied. Defendant denies the allegations made in Paragraph 30 of the Complaint. The common and generic nature of a smiley face mean that the consuming public do not associate images or descriptions of smiley faces with any particular brand.

31. Defendant is without knowledge as to Paragraph 31 of the Complaint.

32. Defendant is without knowledge as to Paragraph 32 of the Complaint.

33. Complaint is denied. Defendant denies the allegations made in Paragraph 33 of the Complaint. The Defendant denies there was any infringement by the Defendant.

34. Defendant is without knowledge as to Paragraph 34 of the Complaint.

35. Defendant is without knowledge as to Paragraph 35 of the Complaint.

36. Complaint is denied. Defendant denies the allegations made in Paragraph 36 of the Complaint. It is clear from the Plaintiffs own Evidence Collection Report that the word 'Smiley' was only used as a descriptive adjective and not a trademark (Exhibit 1) - it is written in the same style as the other words in the title, with the first letter of each word capitalised, and is in no way put forward as a trademark. Contrast this to the Plaintiff's own webpage, where it is obviously using SMILEY as a trademark - it is always written in all capital letters, often has the registered trademark symbol and given prominence in explaining the source or branding of the product rather than merely being a description of what the product is.

The Defendant's own brand Luxy Tech is displayed 4 times on the Defendant's product listing and check-out pages, including once specifically under the label Brand and in the Sold by section (Exhibit 1). Evidence collected from an actual customer of Luxy Tech (Exhibit 2) shows the item received in plain packaging along with a Luxy Tech customer thank you card. The Defendant's logo is written and displayed alongside packaging (see Exhibit 2) and cannot be mistaken as another brand.

The Plaintiff holds no trademark for a design mark in the category of phone cases. Irrespective of this, the phone case design of the Defendant has a smiley face depicted with thicker eyes, a thicker smile with concave slanted ends, no black outline and a floral design which is clearly different to that of the Plaintiff's logo which has thinner eyes, a thinner, pointier and asymmetrical smile with two slightly different convex slanted ends (comparison below). Furthermore the Defendant's smiling flower face is merely a phone case design and was not put forward as a trademark or brand.



37. Complaint is denied. Defendant denies the allegations made in Paragraph 37 of the Complaint. Luxy Tech products are high quality (with 100% positive feedback) and are well loved. The Defendant denies any intention that its goods would be mistaken for or associated with the Plaintiff. Prior to this lawsuit, the Defendant solemnly swears under oath to have never even have heard of the Plaintiff and would happily undergo a lie detector test to confirm this.

38. Complaint is denied. Defendant denies the allegations made in Paragraph 38 of the Complaint. The Defendant denies using any of the Plaintiff's Smiley Marks and Copyrighted Works. The word "smiley" was only used in its dictionary meaning and in no way as a trademark. The Plaintiff has no design mark in the phone case category - irrespective of this the Defendant's smile is clearly different and is part of the case design and not put forward as branding. Copyright does not protect familiar symbols. The U.S. Copyright Office has specifically declared in Circular 33 Works Not Protected by Copyright that familiar symbols and designs, including simple emotions are not protected by copyright.

39. Complaint is denied. Defendant denies the allegations made in Paragraph 39 of the Complaint. The Defendant denies any use of the Plaintiff's Smiley Marks and Copyrighted Works. The Defendant denies that it attempted to appear like any other brand or pass goods off as anything other than its own brand Luxy Tech. The Defendant's brand is clearly displayed 4 times on the Defendant's product listing and check-out pages, and alongside product packaging.

The Defendant denies any connection with the other Defendants listed in Schedule A of this lawsuit and has completely zero knowledge of them. Looking through the various and large evidence documents provided by the Plaintiff as Schedule D to the Complaint, there is no information linking each defendant that would lead any reasonable person to think there was any affiliation between the listings, and thus the Defendants.

The Defendant denies any harm has been caused to the Plaintiff by the Defendant, since the Defendant did not infringe on any of the Plaintiff's intellectual property rights. In fact it is the Plaintiff who is engaging in anti-competitive behavior by filing suit against sellers who clearly only use the word "smiley" as an adjective describing word, who have a smile different to the Plaintiffs and in any case are in a category in which the Plaintiff does not hold a design mark. The Plaintiff's own legal counsel has been publicly noted as acknowledging that the Plantiff's application to register the smiley face image as a trademark was rejected on the grounds of its common widespread use:
(https://www.nytimes.com/2006/07/05/business/worldbusiness/05smley.himl).

40. Complaint is denied. Defendant denies the allegations made in Paragraph 40 of the Complaint. The Defendant has not engaged in any counterfeiting and infringing activities and has caused no harm.

6

41. Complaint is denied. Defendant denies the allegations made in Paragraph 41 of the Complaint. The Defendant solemnly swears under oath that it did not know about the existence of the Plaintiff or its Smiley Marks and Copyrighted Works prior to receiving the summons.

42. Complaint is denied. Defendant denies the allegations made in Paragraph 42 of the Complaint. The Defendant did not use any of the Plaintiff's Smiley Marks and Copyrighted Works.

43. Complaint is denied. Defendant denies the allegations made in Paragraph 43 of the Complaint. The Defendant denies engaging in any illegal counterfeiting and infringing activities. IThe public are not being harmed and therefore there is no need for the court to enjoin Defendant.

44. Complaint is denied. Defendant denies the allegations made in Paragraph 44 of the Complaint. Defendant asserts that it's goods do not bear any of Plaintiff's trademarks and copyrights as described, and consumers are not being deceived.

45. Complaint is denied. Defendant denies the allegations made in Paragraph 45 of the Complaint. The Defendant denies any counterfeiting or infringing activity.

46. Complaint is denied. Defendant denies the allegations made in Paragraph 46 of the Complaint. The Plaintiff has no information about it to conclude that it would transfer or conceal assets.

47. Complaint is denied. Defendant denies the allegations made in Paragraph 47 of the Complaint. The Plaintiff does not deserve any remedy at law.

48. Complaint is denied. Defendant denies the allegations made in Paragraph 48 of the Complaint. The Defendant has not engaged in any illegal counterfeiting and infringing activities involving Plaintiff's works and therefore Plaintiff will not have suffered any injury and damages caused by Defendant.

49. Complaint is denied. Defendant denies the allegations made in Paragraph 49 of the Complaint. No harm has been sustained by the Plaintiff as the Defendant did not sell any Counterfeit Goods.

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

50. Defendant hereby adopts and re-alleges the paragraphs 1-49 detailed above.

51. Complaint is denied. Defendant denies the allegations made in Paragraph 51 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in the above paragraphs, in particular Paragraph 36. The Defendant's product listing does not bear any of Plaintiffs marks whether counterfeit or confusingly similar and the Defendant's own brand is detailed in the item specifics.

Section 33(b)(4) of the Lanham Act sets out the statutory defense of descriptive fair use, which permits any 'use... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such a party, or their geographic origin...'.

It is evident from the Plaintiff's own Evidence Collection Report that the term 'Smiley' has only been used by the Defendant in a descriptive manner in the dictionary sense of the word and not as a trademark. The noun 'smiley' describes the design of the phone case and is not a representation as to the brand of the product.

The listing and check-out page details for the Defendant's product spells out definitely the Defendant's own brand (Luxy Tech) 4 times including once specifically under the label Brand and in the Sold by section (Exhibit 1). The Defendant's logo and brand name Luxy Tech is prominently displayed alongside the packaging (Exhibit 2). There is no mention of a smiley on the packaging.

52. Complaint is denied. Defendant denies the allegations made in Paragraph 52 of the Complaint. The Defendant is not using any of the Smiley Marks. Plaintiff alleges "counterfeit and/or infringements of one or more of the Smiley marks". There is no defendant specific fact here and allegations are conclusory.

53. Complaint is denied. Defendant denies the allegations made in Paragraph 53 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 36. The plaintiff has not provided evidence of how any potential confusion would arise from the item. The word "smiley" was only used as an adjective. The Plaintiff holds no design mark in the phone case category, however irrespective of this, the smiley face of the Defendant is not the same as the Plaintiffs.

7

54. Complaint is denied. Defendant denies the allegations made in Paragraph 54 of the Complaint. No harm has been caused to the Plaintiff as the Defendant did not infringe on its intellectual property rights.

55. Complaint is denied. Defendant denies the allegations made in Paragraph 55 of the Complaint. The Defendant did not engage in counterfeiting or infringement of the Smiley Marks. Defendant asserts there is no possible damage to Plaintiff as Defendant has not infringed on any of their works. It is not their product and does not include any trademarks. There were zero sales in Florida and in the entire US, and Plaintiff cannot conclude from this that Defendant has been enriched.

56. Complaint is denied. Defendant denies the allegations made in Paragraph 56 of the Complaint. No harm has been caused to the Plaintiff as the Defendant did not infringe on its intellectual property rights. No wrongful profits have been made.

## COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. §1125(A))

57. Defendant hereby adopts and re-alleges the paragraphs 1-49 detailed above.

58. Complaint is denied. Defendant denies the allegations made in Paragraph 58 of the Complaint. Defendant asserts that its goods are not counterfeit. They have not been widely advertised throughout the United States and a screenshot of an item that the Plaintiff has gone out of its way to find does not constitute as being widely advertised.

59. Complaint is denied. Defendant denies the allegations made in Paragraph 59 of the Complaint. Defendants allegedly infringing item is not counterfeit. Defendant has not sold the item to customers in the United States. Defendant is not aware of Plaintiffs goods to make any comparison on quality and is of the belief that the quality of a product could not be established from a mere image on a product listing. Plaintiff cannot comment on any level of quality if they have not got the product in their possession. Having checked sales records, there are no sales made to the US. Plaintiff did not complete an order. It can be seen in the screenshot evidence that a sale cannot be completed. The pay now box is greyed out, meaning an order cannot be placed (Exhibit 1).

60. Complaint is denied. Defendant denies the allegations made in Paragraph 60 of the Complaint. There is no possible confusion because the product description does not imply Plaintiff as the origin and does not have any of Plaintiff's marks. Defendant clearly marks the brand in the item specifics.

61. Complaint is denied. Defendant denies the allegations made in Paragraph 61 of the Complaint. The Defendant has not used the Smiley Marks.

62. Complaint is denied. Defendant denies the allegations made in Paragraph 62 of the Complaint. The Defendant has not used the Smiley Marks.

63. Complaint is denied. Defendant denies the allegations made in Paragraph 63 of the Complaint.

64. Complaint is denied. Defendant denies the allegations made in Paragraph 64 of the Complaint. The alleged infringing item has been removed from sale. Defendant asserts there is no chance of future confusion and harm despite it not infringing, as it has no intention to make the item available again. Sales to the United States were zero.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

65. Defendant hereby adopts and re-alleges the paragraphs 1-49 detailed above.

66. Complaint is denied. Defendant denies the allegations made in Paragraph 66 of the Complaint. The Defendants goods do not bear any of Plaintiff's marks. If Plaintiff had made a purchase, they would also see that the allegedly infringing items does not have any of Plaintiff's marks on the packaging either (Exhibit 2).

67. Complaint is denied. Defendant denies the allegations made in Paragraph 67 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraphs above. The Defendant denies the use of any infringing marks.

8

68. Complaint is denied. Defendant denies the allegations made in Paragraph 68 of the Complaint. The description does not include any of Plaintiff's marks. Defendant believes Plaintiff is targeting a keyword, namely 'smiley'. Using a word from the dictionary should not be a reason to link defendants or bring a lawsuit to the courts. This totally undermines the judicial economy.

69. Complaint is denied. Defendant denies the allegations made in Paragraph 69 of the Complaint. The Defendant denies any harm has been caused to the Plaintiff by the Defendant, since the Defendant did not infringe on any of the Plaintiff's intellectual property rights. In fact it is the Plaintiff who is engaging in anti-competitive behaviour by filing suit against sellers who clearly only use the word "smiley" as an adjective describing word, who have a smile different to the Plaintiff's and in any case are in a category in which the Plaintiff does not hold a design mark. Regardless, the alleged infringing item has been removed from sale. Defendant asserts there is no chance of future confusion and harm despite it not infringing, as it has no intention to make the item available again. Sales to the United States were zero.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

70. Defendant hereby adopts and re-alleges the paragraphs 1-49 detailed above.

71. Complaint is denied. Defendant denies the allegations made in Paragraph 71 of the Complaint. The Defendant hereby adopts and re-alleges the allegations set forth in Paragraphs 36-48. The Defendant denies any infringement has taken place by the Defendant.

The word "smiley" is in many dictionaries and has been in use since the 1840's. For example, the current online definition when typed in Google comes from Oxford languages, a world leading dictionary publisher. It defines smiley in 2 ways;

1. as an adjective 'smiling; cheerful.' With an example of use 'he drew a smiley face'.
2. as a noun 'a symbol representing a smiling face that is used in written communication to indicate that the writer is pleased or joking'.

Vendors, including Luxy Tech, invoke this dictionary meaning frequently to describe their products that display a smiley face. Because the Plaintiff has trademark registrations for the dictionary word 'smiley', it claims vendors are engaging in "counterfeiting" in those circumstances. The word 'smiley' in this product is not to identify the source of the product. Instead, it is clearly using the term 'smiley' for its dictionary meaning to describe the graphic displayed on the product. It is clear that the word 'smiley' is only used as an adjective by the Defendant and not as a trademark from the fact that the term is in lowercase with a capitalised S when part of a title (where all first letters are capitalised). This clearly shows there was no intention to use 'smiley' as a brand. This reference is not counterfeiting of the Plaintiff's mark.

72. Complaint is denied. Defendant denies the allegations made in Paragraph 72 of the Complaint. The Defendant has not used the Smiley Marks.

73. Complaint is denied. Defendant denies the allegations made in Paragraph 73 of the Complaint. Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 68.

74. Complaint is denied. Defendant denies the allegations made in Paragraph 74 of the Complaint. Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 69.

## COUNT V – INFRINGEMENT OF COPYRIGHT

75. Defendant hereby adopts and re-alleges the paragraphs 1-49 detailed above.

76. Complaint is denied. Defendant denies the allegations made in Paragraph 76 of the Complaint. The Defendant did not distribute the Smiley Copyrighted Work. The U.S. Copyright Office has specifically declared in Circular 33 Works Not Protected by Copyright that familiar symbols and designs, including simple emoticons are not protected by copyright. Further to this, the Defendant is a sole trader / private individual and is not aware of any reason as to how Plaintiff has concluded a "large scale and ongoing daily illegal enterprise".

77. Complaint is denied. Defendant denies the allegations made in Paragraph 77 of the Complaint. No infringement under the Copyright Act occurred.

78. Complaint is denied. Defendant denies the allegations made in Paragraph 78 of the Complaint. The Defendants have not infringed Plaintiff's Copyrighted Work.

79. Complaint is denied. Defendant denies the allegations made in Paragraph 79 of the Complaint. No infringement under the Copyright Act occurred. The Defendant denies even knowing of the existence of the Plaintiff or its products prior to this lawsuit.

80. Complaint is denied. Defendant denies the allegations made in Paragraph 80 of the Complaint. No infringement under the Copyright Act occurred. The Defendant denies even knowing of the existence of the Plaintiff prior to this lawsuit.

81. Complaint is denied. Defendant denies the allegations made in Paragraph 81 of the Complaint. The Plaintiff is not entitled to any damages as no infringement of copyright occurred.

82. Complaint is denied. Defendant denies the allegations made in Paragraph 82 of the Complaint. Defendant hereby adopts and re-alleges the allegations set forth in Paragraph 69.

83. Complaint is denied. Defendant denies the allegations made in Paragraph 82 of the Complaint. Plaintiff is not entitled to injunctive relief as no threat exists.

## PRAYER FOR RELIEF

The Defendant requests that the court deny the Plaintiffs prayer for relief on the basis the claims that the Plaintiff has made are unfounded.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on Plaintiffs.

A. **AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action:** Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant has only made sales of genuine products.

B. **AS AND FOR A SECOND AFFIRMATIVE DEFENCE: non-infringement:** Defendant has not infringed any applicable trademark under federal or state law.

C. **AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness:** Without admitting any infringement, Defendant have not wilfully infringed on any trademarks-in-suit.

D. **AS AND FOR A FORTH AFFIRMATIVE DEFENCE: innocent infringement:** The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent.

E. **AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation:** Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

F. **AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage:** Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

G. **AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm:** Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from Defendant's alleged actions

H. **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case:** Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws

I. **AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights:** Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

10

## FINAL REMARK FROM DEFENDANT LUXY TECH

Please refer to the Declaration of Dean Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling". Defendant believes this lawsuit involves intellectual property "trolling." As defined by Dean Eric Goldman in his declaration on the above case.

Dean Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.
- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

This description perfectly fits the facts of the present lawsuit.

In a lawsuit the Plaintiff brought earlier this year (23-cv-22376), some of the defendants hired a highly respected attorney who worked on their case for a grand total of 1 hour and 45 minutes - he contacted the Plaintiffs attorney and approximately 700 Etsy sellers were dismissed from the case. A similar thing happened in case 23-cv-61233 with the Red Bubble sellers. In another of the Plaintiff's cases (23-cv-22432) the defendants received notice of the case on 24 August and just 8 days later they got a Notice of Voluntary Dismissal.

This pattern and the ease at which the Plaintiff's cases are dismissed raises questions around whether there were ever valid claims to begin with and the appropriateness of who was included as defendants.

The financial and mental distress this causes and the high cost of engaging a US attorney mean that many may feel forced into accepting a settlement offer from the Plaintiff, regardless of the validity of the Plaintiff's claims.

The Plaintiff's request regarding restraint on the transfer of assets should be denied or in the alternative limited to the total net proceeds received in relation to the alleged infringing product. This amount already represents more than the actual profits made from the product as it doesn't take into account the cost of goods and advertising costs. It is this figure that should be disclosed to the Plaintiff, not the total funds the Defendant has which are completely unrelated to the relief potentially due to the Plaintiff and which the Plaintiff may unjustly be tempted to hold as ransom over the Defendant.

I, Lily Rose Espinosa, the defendant no 231, Luxy Tech, hereby respectfully prays for an order to be entered:

1. Dismissing each of the claims with prejudice, and relief requested, in Plaintiff's Complaint in its entirety
2. Granting Luxy Tech costs and expenses incurred defending this matter; and
3. Granting Luxy Tech all other appropriate relief

Alternatively, if the court considers it unnecessary to dismiss Plaintiff's complaint, Luxy Tech hereby respectfully requests the court to withdraw the injunction order and/or enter a judgement.

DATED 5 December 2023

Submitted by

Lily Rose Espinosa

_____

Defendant 231
Luxy Tech
luxytechau@gmail.com
15 Fortitude Street
Red Hill ACT 2603
pro se litigant

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Luxy Tech's Answer and Affirmative Defenses to the complaint was served upon each party on this 5th day of December 2023.

The original signed hardcopy has been posted to Judge RODOLFO A. RUIZ II, Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue Courtroom 11-2, Miami, FL 33128

A pdf copy caused to be sent by email to:
**Attorneys for Plaintiff**
Javier Sobrado, Esq - jsobrado@brickellip.com
The Brickell IP Group, PLLC
Javier Sobrado (Fla. Bar No. 44992)

13

# Exhibit 1

Below are sections extracted from the Evidence Collection Report that highlight the prevalence of the Defendant's own branding Luxy Tech (mentioned 4 times) and also show that 'Smiley' was only ever used as an adjective descriptive word ie it is in lowercase with a capitalised S when part of a title (where all first letters are capitalised).

ebay Shop by category | Search for anything | Search

Share Add to Watchlist

Learn how to earn a $50 statement credit
With a new eBay Mastercard. Ends 8/16.

**Blue Smiley Flowers Gypsy Case Cover iPhone 11 Pro Max XS XR SE 2020 7 8 Plus**

Condition: New

iPhone Model:

Quantity: 1 Last One 3 sold

Price: AU $18.99
Approximately US $12.37

Buy It Now

Add to cart

Add to watchlist

**Last item available**

Shipping: **AU $18.00 (approx US $11.77) International Economy - tracked-signature (11 to 35 business days)** See details

Delivery: Estimated between **Fri, Sep 1 and Mon, Sep 25** to 33132
Please note the delivery estimate is **greater than 19 business days.**

Returns: Seller does not accept returns See details

Shop with confidence
eBay Money Back Guarantee
Learn more

**Seller information**
luxytech
100% positive feedback
Save seller
Contact seller
See other items

$ Have one to sell? Sell now

Report this item

About this item | Shipping, returns, and payments

eBay item number: 303716613989

Seller assumes all responsibility for this listing

Last updated on Jan 11, 2022 03:24:21 PST View all revisions

## Item specifics

| | | | |
|---|---|---|---|
| Condition | New: A brand-new, unused, unopened, undamaged item in its original packaging (where packaging is ... Read more | Design/Finish | Glossy |
| Character | Max | Colour | Blue |
| Compatible Brand | For Apple | Material | TPU |
| Type | Fitted Case/Skin | Compatible Model | For Apple iPhone 11, For Apple iPhone 11 Pro, For Apple iPhone 7, For Apple iPhone 7 Plus, For Apple iPhone 8, For Apple iPhone 8 Plus, For Apple iPhone X, For Apple iPhone XR, For Apple iPhone XS, For Apple iPhone XS Max |
| Compatible Network | 1&1 | Brand | Luxy Tech |

## Item description from the seller

Blue Smiley Flowers iPhone Case

To purchase, simply select your iPhone model and checkout.

Available for iPhone 11 Pro Max, 11 Pro, 11, XS Max, XR, X/XS, 7+/8+ & 7/8/SE(2020)

- Durable protective outer black rubber bumper
- Wireless charging compatible
- All-around protection with raised bumper in front of phone adds layer of screen protection



**ebay** Checkout

How do you like our checkout? Give us feedback

**Pay with**

Add new card

VISA

**PayPal**

PayPal
CREDIT

G Pay   Google Pay

**Ship to**

307 NE 1st St Flr 6
Miami, FL 33132-2505
United States

| | |
|---|---|
| Subtotal (1 item) | AU $18.99 |
| Shipping | AU $18.00 |
| Tax* | AU $2.59 |
| **Order total** | **AU $39.58** |

*We're required by law to collect sales tax and applicable fees for certain tax authorities
Learn more

🔒 **Confirm and pay**

Select a payment option

ebay  MONEY BACK GUARANTEE
See details

**Review item and shipping**

Blue Smiley Flowers Gypsy Case Cover iPhone 11 Pro Max XS XR SE 2020 7 8 Plus
Phone Model: iPhone 7 / 8 Plus
**AU $18.99**
Quantity 1

**Delivery**
Est. delivery  Sep 1 – Sep 25
International Economy  tracked-signature (11 to 35 business days)
**AU $18.00**

**Gift cards, coupons, eBay Bucks**

Enter code

Copyright © 1995-2023 eBay Inc. All Rights Reserved. Accessibility, User Agreement, Privacy, Payments Terms of Use, Cookies, Your Privacy Choices and AdChoice

# Exhibit 2





**Double check**

optional features
.including:

Please make sure:

**Post & Track**

You can post your parcel at any
Post Office:

\* This service is available to most overseas destinations.
See the International Post Guide for country specific limitations.
\*\* Estimated delivery time to metro areas of major cities. Excludes
customs and delay due to reasons outside of Australia Post's control
specific delivery times are available online at auspost.com.au

---

# EMS INTERNATIONAL

Item over the counter at any postal outlet.

| From (Sender) | Customs Declaration CN23 | (May Be Opened Officially) |
|---|---|---|
| Name LILY ESPINOSA | | |
| Company | | |
| Telephone 0401875487 | | |
| Email luzytachau@gmail.com | | |
| Address 15 FORTITUDE STREET RED HILL ACT 2601 AUSTRALIA | | |

**AUSTRALIA POST**

| Item: ☑ Document ☐ Gift ☐ Commercial Sample ☐ Merchandise ☐ Returned Goods | Qty | Net Weight (kgs) | Value (AUD $) | For Commercial Items | |
|---|---|---|---|---|---|
| | | | | HS Tariff No. | Country of Origin |
| ption of Goods DOCUMENT | 1 | 1.00 | 0.01 | | AU |

**Limitations of Liability**
Australia Post is not a common carrier and accepts no liability as such. The Warsaw Convention and other contractual exclusions and limitations of liability may apply to the carriage of goods. See the Australia Post Terms and Conditions at www.auspost.com.au or at a Post Office.

| ance Number (for goods in excess of $2,000 AUD) | TOTAL Value | $0.01 |
|---|---|---|
| e.g. subject to quarantine or other restrictions) | In Case of Non-Delivery Return By Most Economical Route | |

EJ 318 024 323 AU

's Authorisation and Signature

acknowledges: \* this article may be carried by air and will be subject to aviation security
procedures \* carriage of the article is subject to the Australia Post Terms and Conditions
ww.auspost.com.au or at a Post Office \* they may be liable for any costs imposed by
luding customs or excise duty.
eclares: \* the information provided in this customs declaration form is true and correct \*
as not contain any explosive or incendiary devices, dangerous goods (other than those
1 specifically disclosed on this form) or items prohibited by legislation or by postal or
iations.

d Sender _____ Date 6/12/2

without this declaration completed will not be delivered.

| To (Receiver) | Delivery Instructions | |
|---|---|---|
| | Importer's Ref | |
| | Importer's Telephone 0401875487 | |
| | Email | |
| Name RODOLFO A RUIZ II | | |
| Company Name | | |
| Address WILKIE D FERGUSON JR UNITED STATES COURTHOUSE COURTROOM 11-2, 400 N MIAMI AVENUE MIAMI FL 33128 UNITED STATES | | |

Attach To item

lo not accept liability for late delivery or any consequential or indirect loss or damage. If your parcel is lost or damaged, compensation of up to $100 and a postage refund may
on of liability, you may have additional rights under applicable laws, including the Australian Consumer Law.

/sending or ask at a Post Office for Terms and Conditions, and information on our services, including sending options, tracking and other features, transit times, dangerous and
ctra Cover. Check the International Post Guide for details and limitations for international sending.

# International Post Express

 **Posts Worldwide'** |  **Tracking as standard\*** |  **2 to 4 business days\*\*** |  **Maximum weight 250g** |  **Signature on delivery** |  **Documents only Max. thickness 20mm**



**Express International**   **Z4**   **AUSTRALIA**
GUNGAHLIN,
06/12/2023 14:16 2912 B
0.250 kg (M)
To: USA
**$33.30**   GST Free
**Postage Paid**

EJ 318 024 323 AU

DSMS INSPECTED BY

 Australia Post purchases carbon credits to offset the emissions of this delivery to the destination country

FOR INTERNAL USE ONLY



99703101200200



 **Australia Post**