

FILED BY _____ D.C.
JAN 17 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-23799-RAR

The Smiley Company SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.
_____/

## DEFENDANT NO. 315, VERONGB'S MEMORANDUM
## IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT,
## DISMISS COMPLAINT WITH PREJUDICE, AND MOTION TO SANCTION

Defendant, eBay Store named VERONGB, identified as defendant No. 315 in the above-captioned case ("Defendant"), submits this memorandum of law in support of its Motion to Vacate the Order for Default Judgment pursuant to Fed. R. Civ. Pro. 60(b).

### INTRODUCTION

    This particular case is just one among a growing number of lawsuits filed in this District Court (the "Court"), all exhibiting a remarkably similar pattern, as identified by Legal Professor Eric Goldman in what he terms a "SAD Scheme". (Goldman, Eric, *A SAD Scheme of Abusive Intellectual Property Litigation* (November 20, 2023). 123 Columbia Law Review Forum 183 (2023), Santa Clara Univ. Legal Studies Research Paper No. 4381824, Available at SSRN: https://ssrn.com/abstract=4381824 or http://dx.doi.org/10.2139/ssrn.4381824).

In these cases, the plaintiffs initiate legal action against sizable groups of foreign defendants, alleging infringement. The legal proceedings commence with an ex parte temporary restraining order, freezing the defendants' online marketplace platforms and corresponding funds. Throughout the process, original defendants may be voluntarily dismissed, new defendants added, and default judgments entered against those who remain in the case. Given that the targeted defendants are typically foreign, (not residing in the US), service is often permitted via email. It is uncommon for these foreign defendants to contest the claims, even if properly served. This Court recently presided over such a case, (*CreeLED, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified On Schedule "A"* 23-cv-60088). It saw no defendants appearing to contest the default judgment, resulting in a Final Judgment on April 17, 2023.

However, the reality behind these cases is a lot more nuanced. The defendants often discover the case only when they find their accounts are fully frozen, listings have been removed, and funds in accounts frozen. The marketplace sends an email which provides minimal information, citing the case is sealed. See (**EXHIBIT C Fig. 5**). The listings have been removed and that's the extent of information provide in the first instance.

The uncertainty faced by the defendants includes potential business closures, restricted access to funds, and product removal without clear explanations. Email summons from the plaintiff's counsel might go unnoticed in junk mail, lacking explicit mention of a lawsuit or being sued. The defendants may be very wary of scams and might distrust the email, be wary about downloading attachments and also clicking links. Faced with time constraints or being unaware of preliminary injunction hearings, the defendants may pay without understanding the merits of their case. Small businesses, sole proprietors, and individuals struggle to find affordable legal representation familiar with state laws.

The plaintiffs often target anyone engaged in marketplace sales, overlooking the size of the entities involved. In a recent news report, a purported business reportedly discovered the case against them only after receiving default judgement. Despite the plaintiff's assertion that the defendant wasn't their intended target, the defendant still became part of the lawsuit. (Willman, Chris, *How Does a Mom Get Slapped With a $250,000 Judgment Over $380 of Homemade Luke Combs Merch? Experts Cite 'Cottage Industry' of Mass Counterfeit Suits in Illinois* [Online] (December 15, 2023). Variety, Available at: https://variety.com/2023/music/news/mass-lawsuits-luke-combs-tumblers-legal-experts-counterfeit-illinois-cottage-industry-1235841650/.)

This lack of due diligence raises questions about the legitimacy of injunctions granted. It prompts consideration of whether these defendants, often private individuals and small sellers, are paying settlements due to a lack of options and legal resources. The broader concern is whether plaintiffs and their counsel face any sanctions for their practices.

\* \* \* \*

## BACKGROUND

Defendant is an eBay Store registered on ebay.com engaging in sourcing and selling of a variety of items, including jewellery and home accessories. In the online business, Defendant firmly believes in the legitimacy of its products, asserting that they do not infringe on the intellectual property of third parties. Defendant selects its products from CJ Dropshipping in good faith, ensuring clear and straightforward item specifications, descriptions, photos and titles are populated direct from CJ Dropshipping. The information is succinct. This approach aims to avoid confusing potential customers. Defendant acknowledges its responsibility for the items it sells in paragraph 4 of its supporting Veronica Garcia Bayona Declaration. ("VGB Decl.").

In response to claims of The Smiley Company SPRL, ("Plaintiff"), Defendant disputes the allegations in the case. Despite submitting a timely and good-faith answer, it was delivered late, a circumstance beyond Defendant's control. Defendant challenges both Plaintiff's claims and the Court's order for default judgment, asserting that it is unjust, and presents arguments on the merits of the case.

Plaintiff filed this case on October 05, 2023 alleging hundreds of defendants, including this Defendant, were infringing on Plaintiff's trademarks and copyrights on their online stores. On October 19, 2023, the Court granted Plaintiff ex parte motion to file initial pleadings and related documents under seal. Subsequently, on October 24, 2023, the Court granted Plaintiff's ex parte motion for a fourteen (14) day temporary restraining order ("TRO"), enabling service, expedited discovery, disabling the marketplace accounts, and freezing associated funds. The Court also granted Plaintiff's motion for electronic service of process, with the summons being served on November 06, 2023. Plaintiff obtained a preliminary injunction on November 08, 2023.

By December 22, 2023, Plaintiff had not filed the required motion for entry of default, prompting the Court to grant an extension until December 27, 2023. Plaintiff filed the motion on December 26, 2023, accompanied by a motion for Permanent Injunction. Ultimately, the Court granted the Plaintiff's Motion for Default Judgment and Permanent Injunction against the Defendants Identified in Amended Schedule A on December 29, 2023.

\* \* \* \*

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55(c), a district court has the authority to "set aside an entry of default judgment for good cause, and it may set aside a final default judgment under Rule 60(b)." (Fed. R. Civ. P. 55(c)). Whether to set aside a final judgment is left to the discretion of the district court. *Lourido v. 365 Credit Clinic, LLC,* 21-cv-24397- COOKE/DAMIAN, 2022 WL 612626, at *2 (S.D. Fla. Mar. 2, 2022) (quoting *In re Fortner,* No. 12-60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012). The Eleventh Circuit maintains a "strong policy of determining cases on their merits" and "default judgments are generally disfavored." "*Surtain v. Hamlin Terrace* Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015) (per curiam) (quoting *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003)).

As default judgment has already been ordered, Rule 60(b) applies to the present motion. In this context, Defendant seeks relief under Rules 60(b)(1), which cites reasons of "mistake, inadvertence, surprise, or excusable neglect" and (b)(4), which asserts that "the judgement is void".

\* \* \* \*

# ARGUMENT

## A.  Judgment Is Void for Lack of Jurisdiction – Rule 60(b)(4)

Firstly, Defendant raises the issue of jurisdiction. See *Maurer Rides USA, Inc. v. Beijing Shibaolai Amusement Equip. Co.*, Case No. 6:10-cv-1718-Orl-37KRS, 4 (M.D. Fla. Jul. 23, 2014) ("Federal Rule of Civil Procedure 60(b)(4) permits a court to set aside a default judgment on the basis that "the judgment is void." A judgment "entered without personal jurisdiction over a defendant is void as to that defendant," *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir. 2007) (citation and internal quotation marks omitted), as is a judgment entered without subject matter jurisdiction, *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).").

*Chanel, Inc. v. Handbagstore*, 20-CV-62121-RUIZ/STRAUSS, (S.D. Fla. Jun. 30, 2021) citing *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343. ("Pursuant to Rule 60(b)(4), "[a] judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process. Voidness for purposes of a 60(b)(4) motion contemplates lack of jurisdiction or defects in due process that deprive a party of notice or an opportunity to be heard."")

There is an insufficient basis here for the exercise of personal jurisdiction over Defendant. "A federal district court in Florida may exercise personal jurisdiction over a non-resident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing inter alia Fed. R. Civ. P. 4(e)(1), (h), and (k)).

The Eleventh Circuit has explained that "[a] plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint

sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1350 (11th Cir. 2013) (internal quotation and citation omitted). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. See *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." Defendant disputes that Plaintiff presented facts; rather, they argue that Plaintiff presented conclusions.

1) Florida long-arm statute

A plaintiff may meet its burden to show that the action falls within the ambit of Florida's long-arm statute "'by pleading the basis for service in the language of the statute without pleading supporting facts.'" *Kaminsky v. Hecht,* 272 So. 3d 786, 787–88 (Fla. 4th DCA 2019) (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)). Under Florida's long-arm statute, personal jurisdiction may be general or specific. *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. § 48.193(1)-(2)). "General personal jurisdiction exists when a defendant 'is engaged in substantial and not isolated activity within [the] state . . . whether or not the claim arises from that activity,'"

In this case, Plaintiff has failed to present a shred of evidence of any activity with Florida that would warrant general personal jurisdiction. Defendant has explicitly stated no connections to Florida. (VGB Decl.¶ 22.) Furthermore, Plaintiff has also not presented any evidence that Defendant committed "tortious acts" from outside the state causing injury in Florida. Plaintiff has not presented any evidence of injury as is there is none in the case of Defendant. The absence of evidence of injury is significant in the case of Defendant. Plaintiff cannot demonstrate that their claims arise from any contacts with Florida or that Defendant engaged in purposeful actions. These

assertions lack factual basis. Plaintiff states "Smiley suffers irreparable harm to the goodwill of its brand as well as direct monetary loss any time third parties, including Defendants, sell counterfeit goods using identical or substantially similar trademarks and/or unauthorized copies." See the Declaration of Nicolas Loufrani ("Loufrani Decl.") [Dkt. 5] at ¶ 14. Defendant has not sold any of the alleged infringing item so this statement must relate to other third parties. In fact, Plaintiff does not state any damage has occurred by Defendant and instead states further down, "Smiley is highly likely to experience irreparable damage". *Id* ¶ 22. There is no damage.

Plaintiff has not provided any evidence to support the notion that confusion could occur. Defendant's product does not bear any trademark in its images, and the description and item specification make no reference to it being Plaintiff's product. **(EXHIBIT A Fig, 3. And EXHIBIT G Fig, 12 & 13)**. Any mention of the dictionary word 'smiley' is purely descriptive in the listing title. Consumers familiar with Plaintiff's products would not typically turn to eBay to make their purchases, given that Plaintiff's products are licensed collaborations with well-known brands. Although Plaintiff's products presumably bear trademarks, Plaintiff has not presented how these trademarks are utilized. Examples on their website show ornamental use of various smiley faces, and in some case just the word 'SMILEY'. Notably, Plaintiff's website does not showcase products similar to that of Defendant's. Consequently, there is no bases for personal jurisdiction under Florida's Long Arm Statute.

2) <u>Due Process</u>

"Even though a statute may permit a state to assert jurisdiction over a nonresident defendant, the due process clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful

"contacts, ties, or relations." *Licciardello v. Lovelady,* 544 F.3d 1280, 1284 (11th Cir. 2008) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)).

Defendant informed Plaintiff's counsel about lack of sales to Florida. **(VGB Decl. ¶¶ 13 & 21) (EX. A Fig, 3. EX. D Fig. 8).** Subsequently, Defendant reiterated this information in its Answer. [DKT. 70]. While Plaintiff contends that offering to sell the allegedly infringing product to Florida constitutes an act of infringement, it is crucial to note that activity on the Internet alone does not establish sufficient minimum contacts to meet the standard of "purposeful availment" under the Due Process Clause. *See Miller v. Gizmodo Media Grp., LLC,* 383 F. Supp. 3d 1365, 1375 (S.D. Fla. 2019) (Altonaga, J.)

To demonstrate that online activity is "aimed" at a particular jurisdiction, something more than mere Internet presence is required. *CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C.,* No. 17-60928-CIV, 2017 WL 5640717, at *3 (S.D. Fla. Aug. 7, 2017) (Cohn, J.) The plaintiffs are obligated to "allege facts clearly indicating that the defendant knew that it was likely committing trademark infringement specifically against the plaintiff in the forum state and continued to do so anyway." *CCTV Outlet,* 2017 WL 5640717, at *3. However, Plaintiff has failed to allege any such facts about any of the defendants. Plaintiff's allegations are merely conclusions, suggesting that by finding the alleged infringing item online and providing Florida address during checkout **(EXH.G, Fig 14)**, all the defendants were specifically targeting Florida and were aware of it. This is merely an attempt by Plaintiff attempting to fabricate contacts that do not exist. Since Plaintiff does not assert that eBay is a competing internet platform, redirecting consumer looking for Plaintiff to eBay is unlikely. Moreover, even if it were to happen, it wouldn't be because of Defendant's allegedly infringing product. Defendant's eBay domain is a personal account (VGB Decl. ¶ 2.), bearing no resemblance to Plaintiff's website. **(EXH A, Fig 1& 2).** There is no evidence of sales attributable

to diverted traffic and loss of sales. Defendant asserts firmly that it is not infringing and had no reason to anticipate being summoned to a Florida court.

### 3) Fair Play and Substantial Justice

Defending this case in Florida places an overwhelming burden on Defendant. This is not only due to the geographical distance but also the slow and costly process of having to submit filings via mail. The sole hearing provided was inaccessible to Defendant, as they lacked a landline and funds to cover the expense of international calls. The financial constraints prevent Defendant from engaging legal representation, and the account restriction further hinders the ability to earn the extra funds needed for legal assistance. The circumstances heavily favour Plaintiff, lacking fairness and merit. While it is understandable that Plaintiff seeks to safeguard its trademarks, the indiscriminate scraping of individuals from various marketplaces without any due diligence does not reflect a fair play approach. Defendant is perplexed as to why Florida, in particular, is chosen as the forum by Plaintiff, except for what appears to be an opportunity to hinder Defendant and similar parties from presenting their case.

"A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). When defendants effectively challenge the plaintiff's allegations with affidavits or other competent evidence, the plaintiff must support the jurisdictional claims in the complaint with its own affidavits, testimony, or other forms of evidence. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

Therefore, this matter should be dismissed on the basic of lack of personal jurisdiction and Defendant should be permitted to file a motion for sanctions against Plaintiff for the expenses losses incurred by Defendant due to Plaintiff's ill-faith and baseless claims.

\* \* \* \*

**B. Default Judgment Is Not Warranted Here and Should Be Vacated**

Secondly, Defendant addresses the matter of default judgment. Under Rule 60(b)(1), Defendant must "provide a justification so compelling that the district court ha[s] to vacate the challenged order." *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015) (internal quotation marks and citations omitted). "To do so, the defaulting party must establish that[:] (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Id.*

Defendant asserts the justification for relief under this rule as follows:

**1) Defendant has Meritorious Defences to Plaintiff's Claims**

Defendant asserts meritorious defences that warrant a hearing in this case. "[W]ith respect to a meritorious defense, [l]ikelihood of success is not the measure; [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008).

Defendant presented numerous defences in its submitted answer [Dkt 70]. Here, Defendant outlines two of the defences, offering a hint of suggestion that these defences have merit.

### *Lack of Jurisdiction*

Defendant notified Plaintiff that there were no sales of the alleged infringing item whatsoever. Defendant offered an apology and presented sales evidence to Plaintiff, requesting dismissal. This information is also submitted to the Court through Defendant's affidavit. **(VGB Decl.¶¶ 7 & 21) (EXH. A Fig. 3 and EXH D Fig. 8)**

### *The Complaint fails to state a claim*

In accordance with Federal Rules of Civil Procedure 8, Plaintiff is obligated to provide each defendant with "fair notice of what the plaintiff's claim is and the ground upon which it rests." See, *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961). However, Plaintiff falls short in distinguishing among the defendants named in the Complaint, leaving all defendants to decipher whether they are accused of infringing all trademarks and copyrights or if certain claims do not apply to them.

In this context, the 'hint' of defences presented indicates that there is merit deserving a hearing in this case. Defendant offers a more comprehensive analysis below on failure to state a claim, with facts. "See *Griffin IT Media, Inc. v. Intelligentz Corp.,* No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (finding that defendant provided a "clear and specific statement showing, not by conclusion, but by definite recitation of facts" that it had a colorable defense.)." *Grille 54, LLC v. Grille 54 Sheldon, LLC*, Case No. 8:15-cv-966-T-33AEP, 8 (M.D. Fla. Jun. 23, 2015)

### 2) There is no prejudice to Plaintiff

Defendant's prompt actions have not resulted in any undue or prejudicial delay to Plaintiff. Rather, to establish prejudice, there must be a showing that the delay will result in the loss of

evidence, create increased discovery difficulties, or provide greater opportunities for fraud and collusion. *Saperstein*, 2008 WL 4467535 at *13; *Suntrust Bank v. Armsey,* 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.").

If the default is set aside, the only prejudice faced by Plaintiff would be the requirement to demonstrate that they have pleaded a viable claim against the Defendant. However, "there is no prejudice in requiring a plaintiff to prove his or her case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). Similarly, Plaintiff's "increased costs in having to litigate are not sufficient to establish prejudice." The prejudice, if any, "is particularly low because Plaintiff has made almost identical allegations against a plurality of other Defendants in similar (or even identical) positions to [Defendant]." *Campbell v. M&T Bank,* 2018 WL 401523, at *6 (W.D. Pa. Jan. 12, 2018). In this case, like *Cambell,* Plaintiff has made nearly identical allegations against numerous other defendants in similar or identical positions to Defendant.

3) **Excusable neglect**

The pertinent timeline in this case imposing sanction of default judgment is unwarranted in the case of Defendant. The initial notice Defendant received of this case was not October 05, 2023, when the Complaint was filed; rather, Defendant became aware of this case almost four weeks later, on October 31, 2023. **(VBG Decl. ¶ 5.)** That notice came in the form of a vague email from eBay. **(EXH. C Fig. 5 & 6).** Defendant received the summons from Plaintiff's counsel on November 03, 2023. **(VGB Decl. ¶ 6.) (EXH. D Fig. 7.)** This included various attachments and a link to a Dropbox account.

Despite a lack of knowledge about legal processes and terminology, Defendant was diligent to the best of its ability. On November 8, 2023, Defendant contacted Plaintiff's counsel, providing details as outlined in the declaration. **(VGB Decl. ¶ 7.) (EXH. D Fig. 8.)** This was the first opportunity for Plaintiff to dismiss the case as requested by Defendant in the same email. Also, on November 08, 2023, this Court entered a preliminary injunction which was unopposed. [Dkt #24]. On November 22, 2023, Defendant's PayPal account was frozen, prompting Defendant to realize the need to file an answer with the Court. **(VGB Decl. ¶¶ 9 & 10.)**. Defendant found information on Docket Bird showing the deadline to answer was December 06, 2023, **(VGB Decl. ¶ 11. and EXH. E)**, and submitted its Answer on December 05, 2023, before the deadline. **(VGB Decl. ¶ 12.)** Plaintiff's counsel acknowledged receipt of the PDF version and offered to settle for a fee. **(VGB Decl. ¶ 13.)** The paper version was delivered late, on December 11, 2023, **(Dec. ¶ 14.)**, with an apology from the carrier and a full refund of the amount paid. **(EXH. F Fig. 11.)**

On December 11, 2023, the Clerk entered Default. [Dkt. #69.]. After an extension, Plaintiff moved to default on December 22, 2023. [Dkt. #81.] Defendant acted diligently within the short timeframes, especially during a challenging period for postal services worldwide due to the Christmas season. This stands in contrast with a defendant that wilfully defaulting by "displaying an intentional or reckless disregard for the judicial proceedings." *S.E.C. v. Johnson,* 436 F. App'x 939, 945 (11th Cir. 2011).

Since filing the lawsuit, Plaintiff has shown little interest in resolving the case in good faith or on merits, opting instead for settlement negotiations and alarming Defendant with potential high costs in case of on settlement. Defendant denies infringing Plaintiff's trademarks and copyrights, asserting meritorious defences in its filed Answer. [Dkt #70].

Defendant did not act in bad faith or with a conscious disregard for the Court. Defendant has acted immediately to put together this motion, upon receiving notice of the approved default on December 30, 2023. See, *Morford v. Cattelan,* 2022 WL 1084733 at *5 (S.D. Fla. Mar. 22, 2022) (finding that default was not culpable or willful where defaulted defendant "immediately commenced efforts to hire a lawyer in New York and then Florida upon learning of [the] lawsuit"). Lopez (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry of default); *S.E.C. v. Altomare,* 2014 WL 4388614 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines).

\* \* \* \*

## C. The Complaint Fails to State a Claim Against Defendant Specifically and Instead Relies on Generalized and Vague Allegations

Plaintiff asserts that defendants collectively infringed Plaintiff's trademarks and copyrights without specifying which of the trademarks and/or copyrights are implicated for each defendant. Plaintiff clobbers the defendants together, in an effort to "throw everything against the wall to see what sticks". Courts routinely dismiss claims that are collectively pled against multiple defendants without delineating what conduct is attributed to which defendant. *Lane v. Capital Acquisitions & Mgmt. Co.,* 2006 WL 4590705, at 5 (S.D. Fla. Apr. 14, 2006). It is well established that a complaint like Plaintiff's Complaint herein that "lump[s] all the defendants together in each claim and provides no factual basis to distinguish their conduct" fails to satisfy the minimum standard of Rule 8. *Lane at 5* (S.D. Fla. Apr. 14, 2006).

If the allegation revolves around the use of the dictionary word 'Smiley' in a product title, Defendant contends that such use constitutes nominative fair use. It asserts that the term is merely descriptive, describing the product without causing confusion among consumers, and therefore, it does not infringe Plaintiff's trademarks. Additionally, Defendant challenges the accusation of copyright infringement, emphasizing the absence of any of Plaintiff's copyrights in its listing. Given the lack of sales of Defendant's product, a default judgment would be unjust and unfairly enrich Plaintiff based on meritless claims.

Plaintiff's indiscriminate style of pleading fails to state a claim for relief against the defendants, particular this Defendant. Notably, Judge Canon previously dismissed one of Plaintiff's Smiley cases, citing a failure to "give adequate notice" of the "factual basis and grounds for each of Plaintiff's claims against each named Defendant". Southern District of Florida, flsd-0:2023-cv-61229 doc 4. Subsequently, it was re-filed with an amended complaint along with 8 exhibits. Those exhibits made it somewhat clearer as to which file a defendant should look at for their own evidence. Seemingly evidence of just 40 defendants per file. The evidence files in Defendant's case lacks specific order and indications of which defendants are on which file, making it virtually impossible to identify a particular defendant. The overwhelming nature of the evidence, presented as a Dropbox full of case files with supposed evidence for each defendant's alleged infringements, is intentionally confusing. However, upon close examination, Defendant found its evidence. (**EXH G.**) Notably, the evidence showcases how every defendant sells products from different categories, different photos, and different descriptions, undermining the suggestion that they are all the same or linked. Consequently, the complaint fails to meet the standards required to state a valid claim.

\* \* \* \*

### D. Improper Joinder

Plaintiff lacks a valid basis for grouping all these defendants, including over 300 others, together, with whom it has no connection whatsoever.

Several courts in this district have now held that a plaintiff who alleged "Defendants are 'concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks'" cannot satisfy Rule 20's requirements. *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, No. 0:22-CV-60026-KMM, 2023 WL 2248233, at *2 (S.D. Fla. Jan. 14, 2023) (citing cases). In the *Omega* case, the plaintiff skirted paying the filing fee for each individual defendant. It is not at all clear from the Complaint how the defendants' alleged infringement "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(2)(A). In one order, this Court severed and dismissed seventeen (17) defendants as improperly joined. *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672 (S.D. Fla. 2011). The Estee Lauder court addressed the improper joinder of seventy-nine (79) defendants. *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A,* 334 F.R.D. 182 (N.D. Ill. 2020). Similarly, Judge Moore found joinder improper in a similar case in this district. He f[ound] that Plaintiffs ha[d] not provided a sufficient basis for the Court to determine that the claims against each Defendant ar[ose] out of the same transaction, occurrence, or series of transactions or occurrences as needed to properly join the defendants in one action. Citing *NFL Props. LLC,* 2021 WL 4963600, at *3 (finding joinder improper because inter alia plaintiff failed to allege that every defendant used and sold the same trademarked image).

He also said "As recognized by other courts, joinder of numerous defendants in one action undermines judicial economy where the court must still evaluate the evidence submitted against each Defendant in support of liability and damages". See *Estee Lauder Cosms.Ltd.*, 334 F.R.D. at 189 (noting that this "is especially true in the ex parte setting of a temporary restraining order, as well as for default-judgment motions).

A case with the joinder of over 300 defendants will cost a plaintiff the same filing fee as a case with one defendant. If those 300+ defendants are improperly joined, a plaintiff has avoided payment of over $120,000 in filing fees in just a single case.

Plaintiff has filed many cases in 2023, this being the 11th, and apart from this case, there have been minimal responses to the other complaints. Previous defendants likely faced the challenge of comprehending and navigating through a Dropbox with multiple case files, causing prejudice to defendants.

Although a rare instance with numerous responses filed by defendants, the burden remains significant.

\* \* \* \*

## CONCLUSIONS

Allowing Plaintiffs to proceed with a default judgment would likely result in significant financial loss to Defendant. *Pure Fresh*, 2019 WL 1921991, at *4. Defendant argues that Plaintiff is not entitled to judgment or damages on the merits. Enforcing the default judgment and damages would impose a substantial financial burden without affording Defendant the chance to raise valid and meritorious claims.

There is a "principle of liberality in setting aside defaults so that lawsuits may be decided on their merits." *Lindell Motors*, 727 So. 2d at 1113. To be relieved of a default, a defendant must demonstrate excusable neglect, a meritorious defense, and due diligence in seeking relief. *Coquina Beach Club Condominium Ass'n Inc. v. Wagner*, 813 So. 2d 1061, 1063 (Fla. 2d DCA 2002) (quoting *Ponderosa, Inc. v. Stephens*, 539 So. 2d 1162, 1163 (Fla. 2d DCA 1989)).

Defendant has met the burden of demonstrating excusable neglect, providing facts for two of its meritorious defences and showing due diligence. Therefore, Defendant respectfully requests this Court to decide the case based on its merits, set aside the default judgment, reverse the damages granted by the Court in its default, and dismiss the case on actual merits, along with appropriate sanctions is necessary.

In the event the Court denies the motion, Defendant respectfully requests that its Answer be accepted as submitted. Additionally, Defendant respectfully urges the Court to review the processes specific to Schedule A cases, ensuring every defendant is aware of the legitimacy of the case, understands they are being "Sued", and has the opportunity to respond if they possess meritorious defences, avoiding inadvertent situations to that of this Defendant.

DATED January 15, 2024

/s/ <u>VERONICA GARCIA BAYONA</u>

Defendant 215
VERONGB
tequilavgb@hotmail.com
Av. San Luis, 2727 San Borja
Lima, Peru

pro se litigant

