UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-23799-RAR

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT
VERONGB'S MOTION VACATE FINAL DEFAULT JUDGMENT**

Plaintiff, The Smiley Company SPRL ("Smiley" or "Plaintiff"), by and through its undersigned counsel and pursuant to the Court's January 18, 2024 Order [ECF No. 102], hereby submits its response to Defendant VeronGB's ("Defendant") Motion to Vacate Final Default Judgment [ECF No. 99] ("Motion").

**I.    INTRODUCTION**

Plaintiff has settled its dispute with VeronGB, exchanging mutual releases regarding the claims at issue in this lawsuit. Accordingly, Defendants' Motion is moot. Plaintiff consents to the Final Default Judgment [ECF No. 85] being vacated as to only Defendant VeronGB, so that Plaintiff may file a notice of dismissal with prejudice for Defendant VeronGB.

Plaintiff opposes Defendant VeronGB's Motion to the extent that it seeks sanctions because (1) such request is moot in view of the mutual releases agreed to by Plaintiff and

Defendant;[1] (2) Defendant sets forth no basis in the Motion for the appropriateness of same; and (3) Defendant failed to meet and confer with Plaintiff regarding same.

## II. ARGUMENT

In view of the settlement between Plaintiff and Defendant VeronGB, Plaintiff consents to the Final Default Judgment [ECF No. 85] being vacated as to only Defendant VeronGB so that Plaintiff may file a notice of dismissal with prejudice for VeronGB. However to the extent that Defendant's Motion seeks sanctions, Plaintiff opposes same.

Defendant's motion for sanctions is moot in view of the mutual releases executed by Plaintiff and Defendant in their settlement agreement, which can be provided to the Court, under seal, upon request. Accordingly, Defendant's request for Sanctions should be denied.

Defendant Motion for sanctions is further deficient for failing to state a basis for sanctions or what sanctions it is seeking. Defendant's request for sanctions is threadbare, appearing only in the title, at the end of the introduction, and at the end of the conclusion. Motion, at 1, 3, and 19. However Defendant fails to cite any law or facts that support their request for sanctions because there is none. Defendant claims a lack of due diligence, but admits that individualized evidence of infringement was provided both in Court filings and directly to Defendant, showing the basis for Plaintiff's claim that Defendant infringed the SMILEY® mark.

---

[1] To the extent the Court wishes to review the settlement agreement between Plaintiff and Defendant VeronGB, Plaintiff is willing to provide same upon the Court's request, but must do so under seal in view of the confidentiality obligations required by same.



Defendant's claim that Plaintiff negotiated settlement in bad faith is similarly specious. Plaintiff offered to settle this matter with Defendant for less than the statutory minimum damages. No claim of bad faith is tenable. Accordingly, Defendant fails to support its motion for sanctions with facts or law and it should be denied.

Finally, Defendant's Motion for sanctions should be denied because Defendant never met and conferred with Plaintiff regarding same. Defendant only met and conferred with Plaintiff regarding its desire to have the final Default judgement vacated and the case against it dismissed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff consents to Defendant VeronGB's request to vacate the Final Default Judgment as to it, but opposes their motion for sanctions.

Date: January 24, 2024

Respectfully submitted by,

**Javier Sobrado**
Javier Sobrado
Fla. Bar No. 44992
A. Robert Weaver
Fla. Bar No. 92132
Email: rweaver@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*Counsel for Plaintiff*